Michael J. **BRUNING**, Petitioner,

v.

**VETERANS ADMINISTRATION**, Respondent.

No. 87–3355.

United States Court of Appeals, Federal Circuit.

Dec. 9, 1987.

George A. Athanson, Hartford, Conn., for petitioner.

Carolyn A. Galbreath, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent; with her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director. Also on the brief was James F. Mietlicki, Veterans Admin., of Buffalo, N.Y., of counsel.

Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

Michael J. Bruning (Bruning) appeals the final decision of the Merit Systems Protection Board (MSPB or board), Docket No. BN07528610102, dismissing his appeal for lack of jurisdiction. *Bruning v. Veterans Admin.*, 32 M.S.P.R. 213 (1987). We vacate the decision of the board and remand.

### Background

Bruning was employed as Chief of the Voluntary Service, Veterans Administration (VA or agency) Medical Center, Newington, Connecticut, as a GS–9. Effective November 24, 1985, he was transferred to the position of Voluntary Service Specialist, GS–9, at the VA Medical Center in Albany, New York. On February 18, 1986, the director of the Albany VA Medical Center informed Bruning that, because he had failed to report for duty, he would be separated for abandonment of his position. This separation was made effective November 23, 1985, which was Bruning's last day of active service in Newington.

Bruning filed an appeal with the MSPB on March 20, 1986. The administrative judge (AJ), noting that "[t]here is no evidence in this record to support a conclusion that [Bruning] refused to return to duty, only that he would not accept reassignment to a new duty station," determined that the failure of Bruning to accept the directed reassignment was not tantamount to abandonment of position. He therefore proposed to reverse the agency's action on the basis that Bruning had been constructively removed without the benefit of the adverse action procedures required by 5 U.S.C. § 7513 (1982). The agency thereupon rescinded the abandonment action on May 8, 1986 but put Bruning on the rolls at Albany in an AWOL status retroactive to November 24, 1985.

When the agency moved for dismissal of the appeal as moot, Bruning objected on the basis that the agency's unilateral modification of its action did not restore him to *status quo ante* and, thus, did not divest the MSPB of jurisdiction. The AJ denied the motion and held on the merits that the agency had constructively removed or suspended Bruning from his position at Newington, and that the unilateral action by the agency had not restored him to that position. The AJ further ordered cancelled a new removal action which the agency had instituted against Bruning on June 30, 1986 and directed the agency first to remedy completely the effects of the constructive removal before going forward with a new adverse action.

Upon petition for review by the agency, the full board vacated the initial decision and dismissed for lack of jurisdiction. It determined that the AJ erred in not dismissing the appeal after the agency had cancelled Bruning's separation since, in doing so, "the agency had completely rescinded the only action that arguably gave rise to board jurisdiction." It noted that the MSPB did not have jurisdiction to consider Bruning's reassignment or his AWOL status.

After the full board's decision, the agency again notified Bruning that he would be removed for failing to accept the directed reassignment to Albany, and effective April 10, 1987 he was so removed.

### OPINION

The question here is whether Bruning was returned to *status quo ante, see Fer-*

*guson v. Department of Justice,* 23 M.S.P.R. 55 (1984), when the agency unilaterally rescinded its action in separating him for abandonment of position.

Bruning's appeal to the MSPB alleged that he had been improperly removed from his position at Newington, that the effective date of his removal was November 23, 1985 while he was still assigned to Newington, and that the abandonment of position removal by the agency was a subterfuge to preclude him from being afforded the normal procedures associated with an adverse action.

The AJ determined that Bruning had not been returned to *status quo ante* and that a unilateral action of the agency does not deprive the MSPB of jurisdiction unless it is a complete rescission. He also held that appellant had not abandoned his position but, instead, that the agency had, in effect, constructively removed him on November 23, 1985 from his position at Newington. The AJ stated:

> Cancellation of the abandonment action has not placed appellant in the *status quo ante.* By placing appellant retroactively in an AWOL status, the agency effectively left in place a suspension taken without adverse action procedures. Correction of the constructive removal action thus requires that appellant be placed back in his position at the Newington VAMC with back pay for the period of time he was declared "AWOL."

The full board did not address these findings or further consider whether restoration of Bruning to an AWOL status at Albany placed him in a *status quo ante* position. It determined only that the action giving rise to the MSPB's jurisdiction had been revoked and that the MSPB did not have jurisdiction to review Bruning's transfer to Albany or to review the agency action in placing him on AWOL status. To determine whether the MSPB retained jurisdiction, however, the real issue is whether Bruning was returned to *status quo ante* by the agency's unilateral action. The board's comments regarding the nonreviewability of other actions are irrelevant to that determination. We conclude that the AJ properly retained jurisdiction over Bruning's appeal of his removal for abandonment of position because, as the AJ found, Bruning should have been restored to his Newington position. *See Himmel v. Department of Justice,* 6 MSPB 408 (1981).

Accordingly, we vacate the decision of the full board and remand for further proceedings consistent with this opinion.*

VACATED AND REMANDED.

---

* We note that the AJ cancelled a pending removal action against Bruning as a part of his decision but that, after the board's decision, Bruning was removed on April 10, 1987 for failure to accept the directed reassignment to Albany and for 313 days of AWOL at Albany. Bruning appealed that action to the MSPB, but the appeal was dismissed without prejudice, pending the outcome of this proceeding. In the remand, the propriety of the April 10, 1987 removal may be considered.