862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. BRUNING, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 88-3249.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1988.
 
 Before BISSELL, ARCHER and MICHEL, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Petitioner, Michael J. Bruning (Bruning), appeals from the April 7, 1988 Order of the Merit Systems Protection Board (MSPB or board) directing compliance by the Veterans Administration (VA) with our decision in Bruning v. Veterans Admin., 834 F.2d 1019 (Fed.Cir.1987). Because the MSPB misconstrued our decision, we reverse-in-part and remand.
 
 OPINION
 
 2
 In our prior decision, we held that the administrative judge (AJ) "retained jurisdiction over Bruning's appeal from his removal for abandonment of position because, as the AJ found, Bruning should have been restored to his Newington position." Id. at 1021. In doing so, we vacated the decision of the full board and approved the initial decision dated July 22, 1986 of the AJ, retaining jurisdiction and requiring Bruning to be placed in status quo ante at Newington. The AJ not only ordered the Veterans Administration to "retroactively restore" Bruning to Newington but also to "retroactively rescind his AWOL status" and to "cancel the pending removal action begun by proposal dated June 30, 1986." The agency was ordered by the AJ to compute and issue a check for back pay within sixty days after the decision became final. Thus, the AJ determined that a status quo ante reinstatement required cancellation of the intervening removal and AWOL status.
 
 
 3
 As a part of our decision we also noted that a third removal action had been initiated on April 10, 1987 and that the propriety of that removal could be considered in the remand. Because Bruning's appeal of this third removal action had been dismissed without prejudice, the MSPB had not considered the procedural or substantive merits of that removal. It was for that reason we suggested that the third removal action be considered in the remand proceedings.
 
 
 4
 The board in its Order of April 7, 1988, see n. 2, vacated the findings of the AJ in his decision dated July 22, 1986 that the reassignment and AWOL status should have been cancelled. Although Bruning was restored in form to Newington by the board, the vacatur had the effect of reinstating the June 30, 1986 removal action against him, which the AJ had cancelled as necessary to achieve status quo ante. Under the circumstances, we are convinced the AJ's action was appropriate because a nominal reinstatement, without cancellation of the second removal action and AWOL status, would have been a meaningless gesture.
 
 
 5
 We, therefore, hold that Bruning is not only entitled to be reinstated at Newington with back pay to the date of the initial decision of the AJ, but that the AJ's initial decision cancelling the June 30, 1986 removal action and rescinding Bruning's AWOL status to the date of that initial decision should stand. We express no view regarding the procedural or substantive merit of the removal action taken against Bruning on April 10, 1987, except to note that consistent with this decision Bruning shall not be considered in an AWOL status for the period up to and including the AJ's initial decision on July 22, 1986. The April 7, 1988 Order of the board is therefore reversed insofar as it vacated the initial decision of the AJ and the case is remanded for proceedings consistent with this opinion.