50 F.3d 21
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry L. HATHAWAY, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 No. 94-3091.
 United States Court of Appeals, Federal Circuit.
 March 17, 1995.
 
 Before ARCHER, Chief Judge, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Larry L. Hathaway appeals the decision of the Merits Systems Protection Board (board), Docket No. DA-0752920689I1,[1] affirming his removal from employment at the General Services Administration (GSA or agency). We affirm.
 
 DISCUSSION
 I.
 
 2
 Hathaway was GSA's Region 7 Director of Personnel, GM-15, in its Fort Worth, Texas office. On September 6, 1991, Hathaway received a Notice of Proposed Disciplinary Action, proposing to remove him for his involvement in the allegedly improper discontinued service retirements (DSRs) of GSA employees Gabe B. Arnold, Daniel R. Mueller, Miguel M. Meija, and Robert E. Martin. The agency enumerated twelve different charges related to the incidents. On February 26, 1992, the GSA issued its Notice of Final Decision of Disciplinary Action, which sustained five of the charges relating to the DSRs of Mueller, Meija, and Martin but mitigated Hathaway's penalty to a demotion to a non-supervisory GS-12 position and a sixty day suspension from duty and pay. Hathaway appealed to the board.
 
 
 3
 After Hathaway's appeal was filed but prior to a hearing by the board, on May 19, 1992 GSA served Hathaway with its Notice of Decision to Rescind the Notice of Final Decision of Disciplinary Action. The agency stated it had decided to rescind its disciplinary actions, remove the papers pertaining to those actions from Hathaway's files, restore Hathaway to the position he held prior to the February 26 decision, and pay him back pay with interest and applicable benefits. The letter warned, however, that "the agency specifically reserves the right to issue a separate proposed adverse action against you based upon the materials reviewed."
 
 
 4
 GSA also filed a motion to dismiss Hathaway's appeal to the board from the earlier disciplinary action. Hathaway opposed the motion on a number of grounds, including the ground that the agency cannot rescind its action and bring another one without showing good cause. The board disagreed, however, finding no authority that would prevent an agency from rescinding a disciplinary action and bringing a new action, as long as the employee was fully restored to his original position. Because the first adverse action before the board had been rescinded and Hathaway had been restored to his former position, the board dismissed the case for lack of jurisdiction.
 
 
 5
 On the same day it rescinded the previous disciplinary action, May 19, 1992, GSA delivered to Hathaway a second Notice of Proposed Disciplinary Action, which proposed to remove him from employment on the basis of eight charges of misconduct related to the DSRs of Mueller, Meija, and Martin and one additional charge related to allegedly false statements made by Hathaway during the course of the previous disciplinary action. By final decision dated September 1, 1992, the Regional Administrator sustained all nine of the misconduct charges and removed Hathaway. Hathaway timely appealed a second time to the board.
 
 
 6
 In the administrative judge's (AJ) initial decision which is before us in this appeal, the AJ reviewed each of the agency's charges and Hathaway's arguments. The AJ sustained six of the agency charges and reversed three, including the charge related to Hathaway's purported misstatements in the previous agency proceeding. The AJ sustained the agency action and found the penalty reasonable.
 
 II.
 
 7
 A. We review decisions of the board under a narrow standard of review prescribed by statute. We must affirm the decision of the board unless it is shown to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 8
 Hathaway's primary contention on appeal is that the agency violated his right to due process under the Fifth Amendment of the United States Constitution by bringing a second adverse action on the same set of facts. He argues that after the AJ refused to sustain the agency's alleged "new charges" based on "new evidence," the remaining charges in the second adverse action should be dismissed because they were based on the same facts as the charges in the prior adverse action proceeding.
 
 
 9
 We are not persuaded by Hathaway's argument and conclude the agency's action fully satisfied the due process requirements of the Fifth Amendment. An agency can bring a second adverse action against an employee based on essentially the same set of facts as long as the first adverse action is fully rescinded and the agency restores the employee to status quo ante. See Bruning v. Veterans Admin., 834 F.2d 1019, 1021 (Fed.Cir.1987). As properly noted by the board in the first appeal, if an employee is returned to status quo ante, the board no longer has jurisdiction over the appeal. Id. Hathaway does not contest the fact that he was fully restored to the same position he was in prior to the effective date of the first adverse action.
 
 
 10
 The record also demonstrates the agency acted reasonably and in good faith in bringing the second adverse action. The agency put Hathaway on notice when it rescinded the first adverse action that it reserved the right to bring a second adverse action, which it did without delay. The second Notice of Proposed Disciplinary Action made clear that GSA believed Hathaway had misled it in the first disciplinary action and identified additional charges and evidence not previously relied upon in the first action. Although some of the additional charges were not sustained by the board, the board's decision does not prove, as Hathaway contends, that GSA acted in bad faith in bringing the second disciplinary action. GSA followed all the applicable statutes and rules regarding adverse actions and Hathaway was accorded a full, fair, and timely hearing at the board on the merits of his removal. On this record, we cannot conclude that Hathaway's constitutional right to due process was violated.
 
 
 11
 B. Hathaway also contends the board abused its discretion in excluding one of his witnesses, Darrell Clokey, from testifying at his hearing. Clokey failed to appear for his deposition on the date stated on his subpoena and again on an alternate date scheduled for the convenience of Clokey. Clokey then failed to appear at a third scheduled date. We cannot say on these facts that the AJ abused his discretion in excluding Clokey's testimony.
 
 
 12
 Finally, Hathaway challenges the fact-finding underlying the six charges sustained by the board. Based on our review of the record we are convinced that substantial evidence supports all the board's findings on the six charges at issue and we discern no legal error in the board's decision.
 
 
 13
 We have considered Hathaway's other arguments but do not find them persuasive. Accordingly, we affirm the board's decision.
 
 
 
 [1]
 The March 12, 1993 initial decision issued by the administrative judge became the final decision of the board on October 27, 1993 when it denied Hathaway's petition for review