98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Janice F. WILLIS, Petitioner,
v.
U.S. GENERAL ACCOUNTING OFFICE and U.S. General Accounting
Office Personnel Appeals Board, Respondents.
 No. 96-6001.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1996.
 
 Before RADER, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Janice Willis seeks review of the April 22, 1996 final decision of the U.S. General Accounting Office Personnel Appeals Board dismissing her petition for lack of jurisdiction on the ground of mootness. Willis v. U.S. General Accounting Office, No. 95-03. We affirm.
 
 DISCUSSION
 
 2
 Ms. Willis is employed as a Senior Trial Attorney at the U.S. General Accounting Office Personnel Appeals Board.[1] On December 15, 1993, the PAB imposed a ten day suspension on her for insubordination. The suspension was served in early 1994.
 
 
 3
 In January and July of 1994, Ms. Willis filed formal charges with the General Counsel of the PAB. She alleged that her suspension and a poor performance appraisal she received for the first half of 1994 were reprisal for having made disclosures protected under 5 U.S.C. § 2302(b)(8), (9), and (11).[2] The PAB investigated Ms. Willis' two charges and issued a report regarding the charges along with a Right to Appeal letter.
 
 
 4
 On October 2, 1995, Ms. Willis petitioned the Board to review her charges.[3] Sometime after the petition was filed, the PAB notified Ms. Willis that it intended to expunge all references to the suspension and the performance appraisal from her personnel record and that it would provide her with back pay covering the suspension period and reimbursement of attorneys fees. Asserting that these actions returned Ms. Willis to the status quo ante and thereby rendered the appeal moot, the PAB filed a motion with the Board to dismiss the appeal for lack of jurisdiction.
 
 
 5
 In its final decision, the Board determined that Ms. Willis' appeal was rendered moot by the PAB's rescission of the suspension and the performance appraisal. In so doing, the Board rejected Ms. Willis' contention that a change in her position title from "Deputy General Counsel" to "Senior Trial Attorney," effective October 17, 1993, should be canceled. The Board determined that it would not consider this claim because Ms. Willis had failed to assert it among the charges with respect to which she appealed in October of 1995.
 
 
 6
 Our standard of review is set forth at 31 U.S.C.A. § 755(a) (West Supp.1995). We affirm a final decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law; (2) not made consistent with required procedures; or (3) unsupported by substantial evidence."
 
 
 7
 Ms. Willis contends that the Board erred in dismissing her petition without a hearing because there are material facts in dispute. Specifically, she argues that she was not in fact granted all the relief that she had requested because she was not returned to her former position (Deputy General Counsel), and hence, the case is not moot.
 
 
 8
 The Board properly dismissed the appeal for lack of jurisdiction if the PAB rescinded the personnel actions at issue and returned Ms. Willis to the status quo ante. Bruning v. Veterans Administration, 834 F.2d 1019, 1021 (Fed.Cir.1989). That was done here. Ms. Willis sought Board review with respect to the PAB's denial of her charges that the suspension and performance appraisal were in reprisal for whistleblowing activity. It was with respect to these matters that she sought specific relief. The Board determined that her petition included "no similar statement or request, however, with respect to the ... reassignment ... [and] the petition includes no specific allegation that the reassignment constitutes a prohibited personnel practice ... and no request that that action be canceled."[4] The Board concluded that Ms. Willis did not seek review of her change of title, and that an amendment to her petition would prejudice the rights of the PAB and unduly delay the proceedings. In accordance with 4 C.F.R. § 28.18(e), the Board has discretion to refuse to consider arguments not raised in a petition for review that would unduly delay the proceedings or prejudice the rights of the PAB. We discern no abuse of discretion by the Board on this point.[5]
 
 
 9
 We have considered Ms. Willis' remaining contentions on appeal and have found them to be without merit.
 
 
 10
 No costs.
 
 
 
 [1]
 We refer to the Personnel Appeals Board as the "PAB" in the context of its capacity as the respondent, and as the "Board" in the context of its capacity as the lower tribunal
 
 
 [2]
 Section 2302 is part of the Whistleblower Protection Act of 1989, Pub.L. No. 101-12, 103 Stat. 16 (1989) ("WPA"). Pursuant to 31 U.S.C. § 732(b), the General Accounting Office's personnel management system prohibits "personnel practices prohibited under section 2302(b) of title 5."
 
 
 [3]
 Because Ms. Willis is an employee of the Board, her appeal was heard by an administrative judge from the Merit Systems Protection Board
 
 
 [4]
 Pursuant to 4 C.F.R. § 28.18(d)(3), Ms. Willis was required to state in her petition "[t]he actions being complained about, including dates, reasons given and internal appeals taken."
 
 
 [5]
 Moreover, as there is no evidence of a change in pay or in the scope of Ms. Willis' duties at the PAB, the reassignment does not appear to have been a personnel action within the meaning of the WPA. See 5 U.S.C. § 2302(a)(2)(A)