Ray L. KAGEL, Jr., Petitioner,

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 96–3385.

United States Court of Appeals, Federal Circuit.

Oct. 6, 1997.

---

Thomas M. Devine, Government Accountability Project, Washington, DC, argued, for petitioner. On the brief was Thad M. Guyer, T.M. Guyer & Friends, P.C., Medford, OR.

Harold D. Lester, Jr., Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent. On the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Kirk T. Manhardt, Assistant Director, and Stephanie M. Jackson, Attorney.

Before RICH, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Ray L. Kagel, Jr., petitions from a decision of the Merit Systems Protection Board dismissing his Individual Right of Action (IRA) appeal as moot. Kagel claims that the agency threatened him with removal in retaliation for disclosures protected by the Whistleblower Protection Act, unless his wife complied with an agency directive. Because we conclude that Ms. Kagel's temporary compliance with the agency's directive did not moot Kagel's IRA appeal to the Board, we vacate and remand the case to the Board for further proceedings.

I

Kagel works as an Environmental Resource Specialist for the Army Corps of Engineers. In 1990, he married Nancy Kagel, who owns Kagel Environmental, an environmental site-planning business. Upon his marriage, Kagel requested guidance regarding the potential for conflicts of interest based on his wife's profession. In 1991, Kagel reached a resolution with the Corps under which he agreed to recuse himself from any matters that involved his wife. The letter embodying the resolution noted, however, that if the Corps' regulatory office should "cease to function smoothly as a result of Mr. Kagel's recusal regarding permit applications in which his wife participates, the issue may need to be revisited."

Kagel claims to have made a whistleblowing disclosure in May 1991 concerning alleged improprieties in his office. According

to Kagel, the agency subjected him to retaliation involving a performance evaluation and the denial of a salary increase. Kagel complained to the Office of Special Counsel, and the matter was resolved by a settlement agreement. Kagel alleges that in July 1993 he again began to experience retaliation, including disciplinary actions. Kagel also claims that he made additional whistleblowing disclosures in December 1994 and that he advised the Corps that he intended to make further whistleblowing disclosures with respect to certain agency conduct.

On March 8, 1995, the agency reprimanded Kagel for violating the agency's policy against using privately owned vehicles while on official government business. Kagel acknowledged the violation but contended that the agency had adopted the policy as a retaliatory measure. During the same month, the agency issued a report as a result of an investigation of the potential conflict of interest posed by Kagel's position with the agency in relation to his wife's business. The agency claims that it started the investigation because of an anonymous complaint to the agency's Washington, D.C., office and because of complaints from local agencies and organizations.

The agency transmitted the report to its Senior Ethics Advisor who, in an opinion dated July 18, 1995, concluded that the relationship between Kagel and his wife's business created the appearance of a conflict of interest that had not been eliminated by the procedures agreed upon in the prior resolution. The opinion also concluded that the appearance of a conflict of interest had impaired the efficiency of the agency's operations in the Walla Walla District, where Kagel was employed.

Based on the opinion, the agency issued a directive dated August 10, 1995, in which it advised Kagel that either his wife had to discontinue her business activities in the Walla Walla District, or Kagel had to resign or be removed from his position with the Corps. The agency placed Kagel on paid administrative leave and gave him a 15–day deadline to comply with the August 10, 1995, directive or face initiation of an action to remove him from employment.

On August 17, 1995, Kagel filed a complaint with the Office of Special Counsel, alleging that the August 10 threat to remove him was agency action taken in retaliation for his acts of whistleblowing. On August 25, 1995, while Kagel's complaint was pending before the Office of Special Counsel, Kagel's counsel advised the agency by letter that Nancy Kagel was discontinuing any business activity within the Walla Walla District and that Kagel would return to work on August 28, 1995. The letter noted that Nancy Kagel was ceasing her business activities, "pending a resolution of this matter in the administrative courts or in other courts." Kagel's counsel cautioned that Nancy Kagel's decision should in no way be construed as a relinquishment of the Kagels' right to seek redress in an appropriate forum and added that the Kagels regarded the decision as "forced upon" them. Kagel returned to work on August 28, 1995.

On November 21, 1995, the Office of Special Counsel closed Kagel's case and advised him of his right to seek corrective action through an IRA appeal to the MSPB. On November 29, 1995, Nancy Kagel filed a district court action alleging that the agency had violated her civil rights and requested that the court award her compensatory damages, costs, and attorney's fees; declare the August 10, 1995, directive to be of no force or effect; and grant a preliminary injunction enjoining the enforcement of the August 10, 1995, directive. Subsequently, on January 8, 1996, Kagel filed his IRA appeal with the MSPB. Kagel contended that the agency's threat to remove him unless he and his wife complied with the terms of the August 10, 1995, directive constituted a "personnel action" within the meaning of the Whistleblower Protection Act, see 5 U.S.C. §§ 2302(a)(2), 2302(b)(8), and that the Board should order appropriate relief from that action.

The agency moved to dismiss Kagel's appeal on the grounds that Nancy Kagel's cessation of her business activities had eliminated any threat to Kagel's employment and that only Nancy Kagel had standing to complain of any injury. The administrative judge dismissed Kagel's appeal as moot and the full Board denied Kagel's petition for

review. Kagel then filed a timely request with this court for review of the Board's dismissal order.

## II

■ The Merit Systems Protection Board has a statutory obligation to decide those cases that are within its jurisdiction in which the parties have satisfied the procedural prerequisites for adjudication. *See* 5 U.S.C. §§ 7701, 7702. In the case of IRA appeals, the Board must "order ... corrective action" if the employee proves a Whistleblower Protection Act violation. *See* 5 U.S.C. § 1221(e).

■ The Board may dismiss an appeal as moot if the appealable action is canceled or rescinded by the agency. *See Cooper v. Department of the Navy*, 108 F.3d 324, 326 (Fed.Cir.1997). The agency's rescission of the appealable action, however, must be complete in order for the appeal to be deemed moot and to relieve the Board of its statutory obligation to decide the appeal. *See Bruning v. Veterans Admin.*, 834 F.2d 1019, 1021 (Fed.Cir.1987).

In dismissing Kagel's IRA appeal as moot, the administrative judge concluded that "the threat of removal made to [Kagel] in the August 10, 1995, letter has been eliminated and that there is no effective remedy which the Board could provide in regard to his employment status." The administrative judge based that conclusion on the premise that Kagel, "in concert with his wife, chose to contest the August 10 letter-directive by her ceasing employment and seeking relief from a court for the allegedly improper agency action."

Kagel argues that the administrative judge erred by dismissing his appeal as moot. The terms of the August 10, 1995, directive from the Corps, Kagel contends, make clear that the agency will remove Kagel if his wife resumes her business activities in the Walla Walla District. The government responds that the agency's threat of removal "will recur only *if* Mrs. Kagel decides to resume her ... business activities within the Walla Walla District," and that such a possibility does not amount to a "reasonable expectation or likelihood" that the agency would threaten Kagel with removal again.

■ We agree with Kagel that Nancy Kagel's temporary cessation of her business activities within the Walla Walla District did not moot Kagel's IRA appeal. The agency has not withdrawn the August 10, 1995, directive or represented that its position, as set forth in that directive, has changed. In addition, according to the administrative judge's findings, the agency "rebuffed" efforts by Kagel's counsel to resolve the dispute informally. Those actions indicate that the agency will likely take the same position with respect to Kagel's employment if his wife returns to her former employment. The threat to remove Kagel if his wife resumes her business thus remains live. *See Honig v. Doe,* 484 U.S. 305, 318–22, 108 S.Ct. 592, 601–03, 98 L.Ed.2d 686 (1988); *Vitek v. Jones,* 445 U.S. 480, 486–87, 100 S.Ct. 1254, 1260–61, 63 L.Ed.2d 552 (1980).

The government argues that the Kagels chose to comply with what the administrative judge labeled the "choices" in the August 10, 1995, directive when Nancy Kagel ceased her business activities in order to eliminate the threat of removal to Kagel. In his August 25, 1995, letter, however, Kagel's counsel advised the agency that Nancy Kagel was discontinuing her business activities within the Walla Walla District "pending a resolution of this matter in the administrative courts or in other courts." That statement indicates that Nancy Kagel's cessation of her business activities in the Walla Walla District is only temporary and that she intends to resume those activities when her husband's situation is resolved. It is unreasonable to conclude that her temporary cessation of work pending a resolution of Kagel's appeal is a sufficient ground to avoid resolving Kagel's appeal.

The government points out that in the event Nancy Kagel resumes her business activities and the agency again threatens Kagel with removal, Kagel can appeal that threat to the Board again. While that is true, it does not further the government's argument. If the agency once again threatened Kagel with removal and his wife again agreed to refrain from doing business in the district until the matter was resolved, the Board presumably would dismiss Kagel's ap-

peal for mootness once again. Thus, what the government is arguing amounts to saying that in order for Kagel to obtain review of his appeal, Nancy Kagel must remain in her business following a threat of removal, and Kagel must allow the agency to remove him. But that position would have the effect of denying Kagel the right to appeal a threatened removal, despite the fact that a threatened removal constitutes an appealable action under the Whistleblower Protection Act. *See* 5 U.S.C. §§ 2302(a)(2), 2302(b)(8). Because he invokes the Whistleblower Protection Act by alleging retaliatory motives for the agency's threat of removal, Kagel is entitled to appeal from the threat of removal itself; he need not wait for the threat to be acted upon.

In dismissing Kagel's appeal, the administrative judge also concluded that even if Kagel's appeal was properly before the Board and even if Kagel prevailed on the merits of his claim of a whistleblowing violation, the Board could not fashion an effective remedy. We disagree. In disposing of an IRA appeal, the Board may order corrective action that may include an order "that the individual be placed, as nearly as possible, in the position the individual would have been in had the prohibited personnel practice not occurred." 5 U.S.C. § 1221(g)(1)(A)(i). If Kagel is able to prove that the threat to remove him violates the Whistleblower Protection Act, the Board could fashion a remedy consistent with that statutory authority by, for example, directing that the agency not remove him or threaten to remove him for the reasons given in the August 10 directive, even if Ms. Kagel resumes her activities within the Walla Walla district.

Had the Board acted on Kagel's appeal before the August 25 date on which the agency threatened to make his removal effective, the Board presumably could have ordered such a remedy. Nancy Kagel's act of temporarily halting her business in the district pending a resolution of the matter does not materially change the nature of the remedy the Board could order in the event that it rules for Kagel on the merits of his claim.

### III

As an alternative ground for dismissing Kagel's appeal, the administrative judge invoked the doctrine of "discretionary mootness." *See In re AOV Indus., Inc.,* 792 F.2d 1140, 1147 (D.C.Cir.1986). The administrative judge found the conflict-of-interest issue common to both Kagel's IRA appeal and Nancy Kagel's district court action and concluded that it would be "awkward" if the Board adjudicated the conflict of interest issue and the district court later came to a contrary conclusion. In addition, the administrative judge noted the potential for duplicative discovery requests and conflicting rulings by the two tribunals.

Although the Board enjoys broad discretion in controlling its docket, *see Rowe v. Merit Sys. Protection Bd.,* 802 F.2d 434, 437 (Fed.Cir.1986), it may not dismiss an appeal over which it has jurisdiction simply because of a potential overlap of subject matter with a proceeding pending in another forum. It may be appropriate for the Board, in the exercise of its discretion over matters within its jurisdiction, to stay the administrative proceedings in this case pending further developments in Nancy Kagel's district court action. Outright dismissal of the appeal, however, is another matter and cannot be justified on the basis of concerns about possible conflicts with another proceeding. Kagel is entitled to have his whistleblowing claim adjudicated before the Board, notwithstanding his wife's temporary cessation of her business in the district. Accordingly, it was improper for the administrative judge to dismiss Kagel's appeal.

Each party shall bear its own costs for this appeal.

*VACATED and REMANDED.*