NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM B. WILEY,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2009-3151

---

Petition for review of the Merit Systems Protection Board in case no. SF0831090055-I-1.

---

Decided: January 11, 2011

---

PETER B. BROIDA, of Arlington, Virginia, argued for petitioner.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were B. CHAD BUNGARD, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER[1], *Chief Judge*, and ARCHER and GAJARSA,
*Circuit Judges*.

ARCHER, *Circuit Judge*.

In this annuity case, William B. Wiley ("Wiley") appeals the Merit Systems Protection Board's ("Board") dismissal of his appeal for lack of jurisdiction. *Wiley v. Office of Pers. Mgmt.*, No. SF-0831-09-0055-I-1 (Merit Sys. Prot. Bd. Nov. 26, 2008) ("*Initial Decision*"). Because the Board failed to decide whether the Office of Personnel Management's ("OPM") October 2008 letter to Wiley was an appealable action, the Board's decision is *vacated* and *remanded*.

### A

Wiley retired from federal service in January of 2001. He was eligible for a retirement annuity under the Civil Service Retirement System, and in his application for the annuity, he elected to receive a reduced annuity to provide a survivor annuity for his then-spouse. In 2002, Wiley's marriage was dissolved. Wiley believed the state court divorce documents provided that his ex-wife would not receive a survivor annuity.[2]

---

[1]    Randall R. Rader assumed the position of Chief Judge on June 1, 2010.

[2]    Paragraph 11 of the Dissolution of Marriage states: "RETIREMENT BENEFIT [DENIED BENEFIT] . . . B.   The parties have agreed that Wife shall not be entitled to a former spouse survivor annuity, nor shall Husband be required to provide Wife with a former spouse survivor annuity." Similarly, the "Stipulation of Division of Pension Benefits" provided that a pro rata share of Wiley's monthly annuity be paid to his former spouse, but it did not require that she be provided a survivor annuity. The stipulation stated "any benefits not specifically granted . . . to the Former Spouse shall be payable to the Member . . . ."

In December 2006, after realizing "for the first time" that he was receiving a reduced annuity to provide a survivor annuity for his ex-wife, Wiley wrote a letter to OPM indicating that he did not intend to provide the survivor benefit. Almost two years later, in October 2008, Wiley received a letter from OPM stating that it had received a court order awarding a survivor annuity to his former wife and that it would continue deducting the survivor annuity. The letter was silent as to any options for recourse for Wiley. Specifically, the letter did not notify Wiley of any right to request reconsideration of the decision, nor did it inform Wiley of any right to request Board review. Wiley timely appealed OPM's determination to the Board, requesting an order directing OPM to correct his annuity calculations with respect to the inappropriate reduction of his annuity for the survivor benefit.

OPM responded to the appeal by submitting a letter to the Administrative Judge ("AJ") assigned to the case and moving that the appeal be dismissed. OPM stated:

> No final decision has been issued by [OPM] concerning a court ordered former spouse survivor benefit. In addition, we have rescinded the initial decision determining that the appellant's former spouse is entitled to a former spouse survivor annuity. . . . After the dismissal becomes final, we will issue a new decision to the parties concerning whether the court order awards former spouse survivor annuity benefits.

After first noting that there "ha[d] been no determination of whether the Board has jurisdiction over this appeal pursuant to 5 U.S.C. § 8347(d)(1) and 5 C.F.R. § 831.110," *Initial Decision*, slip op. at 1-2, the AJ dismissed the appeal for lack of jurisdiction on the grounds that OPM had rescinded its decision in its en-

tirety and indicated that it would issue a new decision. The AJ's decision became the final decision of the Board.

Wiley now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## B

We must affirm the decision of the Board unless it is: 1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; 2) obtained without following the procedures required by law; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo. Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

## 1

In this appeal, the first issue is whether the dismissal below was correct because OPM's October 2008 decision was not a final appealable decision.

Pursuant to statute, "an administrative action or order affecting the rights or interests of an individual['s retirement] . . . may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." 5 U.S.C § 8347(d)(1). OPM's regulations require that in order for a decision to be appealable to the Board, it must be a "final decision of [OPM]." 5 C.F.R. § 831.110 (2009) ("An individual . . . whose rights or interests under the Civil Service Retirement System . . . are affected by a final decision of [OPM] . . . may request the Merit Systems Protection Board to review such decision . . . .").

The regulations define two types of "final" decision:

(1) After reconsideration, the Associate Director's representative shall issue a final decision which

shall be in writing, shall fully set forth the findings and conclusions of the reconsideration, and shall contain notice of the right to request an appeal provided in § 831.110. Copies of the final decision shall be sent to the individual, to any competing claimants and, where applicable, to the agency.

(2) OPM may issue a final decision providing the opportunity to appeal under § 831.110 rather than an opportunity to request reconsideration under paragraph (c) of this section. Such a decision must be in writing and state the right to appeal under § 831.110.

5 C.F.R. §§ 831.109(f)(1), (2) (2009). The regulations further define an "initial decision" as one that is "rendered by OPM in writing and stating the right to reconsideration." 5 C.F.R. § 831.109(c) (2009). Thus, under OPM's regulations, absent an initial decision expressly stating the right to appeal to the Board, an appellant must obtain a reconsideration decision in order to appeal to the Board.

We note that the Board has recognized an exception to this regulatory requirement. In *Richards v. Office of Personnel Management*, 29 M.S.P.R. 310, 312 (1985), the Board concluded that "while OPM's letter dismissing appellant's application d[id] not meet the regulatory definition of either an appealable initial decision or a reconsideration decision, the regulatory requirement for obtaining a reconsideration decision should not apply under the circumstances of this case." The Board noted that the letter at issue in that case "clearly constitute[d] a decision on appellant's position" and did not "state that appellant ha[d] any right to appeal or pursue that determination." *Id.* According to the Board, because the

appellant was unaware that he could request reconsideration, it was inappropriate to require such a decision as a prerequisite to Board review. *Id. See also Scallion v. Office of Pers. Mgmt.*, 72 M.S.P.R. 457, 461 (1996); *Youngblood v. Office of Pers. Mgmt.*, 108 M.S.P.R. 278, 283-84 (2008).

In view of our holding below as to the effect of the unilateral rescission of the October 2008 decision of OPM, it will be necessary on remand for the Board to determine whether that decision was, or should be treated as, a final appealable decision of OPM.

2

The second issue on appeal is whether the dismissal below was proper because OPM rescinded its October 2008 decision and stated that it would issue a new decision.

An appeal that has been properly brought before the Board can be rendered moot by an agency's complete rescission of its decision, thus divesting the Board of jurisdiction. *See Kagel v. Dep't of Army*, 126 F.3d 1455, 1458 (Fed. Cir. 1997) ("The Board may dismiss an appeal as moot if the appealable action is canceled or rescinded by the agency. The agency's rescission of the appealable action, however, must be complete in order for the appeal to be deemed moot and to relieve the Board of its statutory obligation to decide the appeal." (internal citations omitted)).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Indeed,

> [J]urisdiction, properly acquired, may abate if the case becomes moot because

1) it can be said with assurance that "there is no reasonable expectation . . ." that the alleged violation will recur, and

2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

*County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal citations omitted). Thus, if neither OPM nor Wiley has "a legally cognizable interest in the final determination of the underlying questions of fact and law," the Board's dismissal of Wiley's appeal was proper. *Id.*

OPM's submission to the Administrative Judge rescinding its October 2008 letter, however, did not "irrevocably eradicate[ ] the effects of the alleged violation." Rather, it left Wiley awaiting a determination by OPM as to whether his annuity has been (and continues to be) properly reduced by a survivor annuity. Certainly, then, Wiley continues to have a legally cognizable interest in the outcome, and OPM's unilateral rescission of its October 2008 determination did not moot Wiley's appeal. *See also Fernandez v. Dep't of Justice*, 105 M.S.P.R. 443, 446 (2007) (concluding that an appellant's sworn statement that the agency had not paid him all appropriate back pay constitutes a nonfrivolous allegation that his appeal is not moot and must first be resolved before the appeal could be properly dismissed); *see also Hagan v. Dep't of the Army*, 99 M.S.P.R. ¶6 (2005) ("If an agency fails to completely rescind an appealed action, the Board will retain jurisdiction over the underlying action. Furthermore, the proper remedy, if an employee has not been returned to the

status quo ante, is for the Board to retain jurisdiction and adjudicate the appeal on the merits.")   For the Board to have reached a contrary conclusion was error.

## C

Accordingly, on remand, the Board must first determine whether OPM's 2008 letter was an appealable action, that is, should it be treated as a final decision by OPM.  If the Board concludes that it was, the Board must reach the merits of Wiley's appeal.

**VACATED AND REMANDED**