NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WENDY W. GHANNAM,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2013-3050

_____

Petition for review of Merit System Protection Board in No. DC0841120179-I-1

_____

Decided: June 10, 2013

_____

WENDY W. GHANNAM, of Chantilly, Virginia, pro se.

NICOLE DECRESCENZO, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

_____

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Wendy W. Ghannam ("Ghannam") appeals from a final decision of the Merit Systems Protection Board ("Board"), dismissing her challenge to the Office of Personnel Management's ("OPM") calculation of her retirement annuity. The Board dismissed her appeal for lack of jurisdiction. *Ghannam v. Office of Pers. Mgmt.*, No. DC-0841-12-0179-I-1, 2012 WL 4123394 (M.S.P.B. Sept. 19, 2012). Because OPM has not acted on a motion for reconsideration, the Board's dismissal for lack of jurisdiction is *affirmed.*

## BACKGROUND

Ghannam was employed by the U.S. Agency for International Development ("USAID") from 1987 to 1996. After being injured on the job, Ghannam was downgraded from a GS-07 status employee to a GS-03 status and was subsequently terminated as part of a reduction in force. Calculation of her retirement annuity thus took into consideration that Ghannam was at a GS-03 status as of her retirement in 1996. In 2000, the downgrading of Ghannam's status was deemed discriminatory by the Equal Employment Opportunity Commission ("EEOC"), which ordered her re-instatement to a GS-07 position as well as back-pay. USAID satisfied its back-pay obligation for the period of October 1, 1998, through December 14, 2001, but failed to do so for the period of December 12, 1995, through October 1, 1998. In 2004, the EEOC ordered USAID to award Ghannam the remaining back-pay and notify OPM of any remedial actions or changes in salary rates. Ghannam contends USAID never reported to OPM as required by the EEOC order. As a result, Ghannam asserts that her retirement annuity was never properly calculated to reflect her correct GS-07 status.

In December 2011, Ghannam filed an appeal before a Board administrative judge contesting OPM's calculation of her retirement annuity. OPM responded to the appeal by submitting a letter to the administrative judge seeking to have the appeal dismissed. OPM stated:

> [W]e did not locate a final decision issued to the appellant regarding the issue raised in her appeal to the MSPB nor has the appellant provided evidence of one. . . . Therefore, we move that this appeal be dismissed for lack of jurisdiction. Once the appeal is dismissed, we will issue an initial decision on the issue with right of reconsideration, if warranted.

The administrative judge informed Ghannam that the Board generally only has jurisdiction when OPM has issued a reconsideration decision and issued an Acknowledgement Order providing her the opportunity to file a copy of such decision with the Board. But Ghannam failed to provide any documentation of an OPM reconsideration decision. Accordingly, in February 2012, the administrative judge dismissed the appeal for lack of jurisdiction, noting that Ghannam retained the right to appeal future OPM final decisions concerning her retirement benefits, should they be issued.

In March 2012, Ghannam timely appealed the administrative judge's jurisdictional determination to the Board. Since its review of the record showed that OPM had issued no reconsideration decision, the Board denied Ghannam's petition for review and affirmed the initial decision by the administrative judge, adopting it as the Board's final decision. *See* 5 C.F.R. § 1201.113(b).

Ghannam now appeals the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our standard of review in Board decisions is limited by statute. *See* 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* Whether the Board has jurisdiction to adjudicate a case on appeal is a question of law, which we review *de novo*. *See Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Although we may review the Board's conclusion that it lacks jurisdiction, we are bound by the administrative judge's factual determinations "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

"[A]n administrative action or order affecting the rights or interests of an individual['s retirement] . . . may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." 5 U.S.C.A. § 8347(d)(1). OPM's regulations require that, for a decision to be appealable by the Board, it must be a "final decision." 5 C.F.R. § 831.110.

OPM's regulations describe two types of appealable decisions:

> (1) After reconsideration, the Associate Director's representative shall issue a final decision which shall be in writing, shall fully set forth the findings and conclusions of the reconsideration, and shall contain notice of the right to request an appeal [to the MSPB] provided in § 831.110. Copies of the final decision shall be sent to the individual, to any competing claimants and, where applicable, to the agency.

> (2) OPM may issue a final decision providing the opportunity to appeal under § 831.110 rather than an opportunity to request reconsideration under

paragraph (c) of this section. Such a decision must be in writing and state the right to appeal under § 831.110.

5 C.F.R. § 831.109(f). Absent an initial decision rendered by OPM in writing and stating the right to appeal to the Board, an appellant must obtain a reconsideration decision in order to appeal to the Board. *See* 5 C.F.R. § 831.109(c)(2009); *Wiley v. Merit Sys. Prot. Bd.*, 406 F. App'x. 488 (Fed. Cir. 2011). Exceptions to the final decision requirement exist where OPM improperly fails to inform the appellant of the right to seek reconsideration of a retirement application decision, *see Richards v. Office of Pers. Mgmt.*, 29 M.S.P.R. 310, 312 (1985), or improperly denies an opportunity for reconsideration, *see Phillips v. Veterans Admin.*, 21 M.S.P.R. 409, 412 (1984).

There is no evidence to suggest that Ghannam sought reconsideration before appealing to the Board. Ghannam also failed to respond to the administrative judge's Acknowledgement Order seeking a copy of OPM's final decision. Thus, Ghannam, who has the burden of establishing that the Board has jurisdiction over her appeal by a preponderance of evidence, *see* 5 C.F.R. § 1201.56(a)(2), has not shown that OPM issued a final decision or improperly denied her an opportunity for reconsideration.

Ghannam does not allege that the Board erred in finding that OPM had issued no final decision. Ghannam's only argument on appeal is that the Board incorrectly considered all relevant facts of the case, including work records and circumstances following the EEOC ruling. These facts have no bearing on the Board's jurisdiction. Ghannam's appeal fails to demonstrate that the Board's dismissal for lack of jurisdiction was arbitrary, contrary to procedures required by law, or unsupported by substantial evidence.

Accordingly, we must affirm the Board's final decision dismissing the appeal for lack of jurisdiction.

**AFFIRMED**