# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GUILLERMO MOJARRO,
>                    Appellant,

> v.

OFFICE OF PERSONNEL
> MANAGEMENT,
>                    Agency.

DOCKET NUMBER
SF-0842-15-0054-I-1

DATE: March 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Guillermo Mojarro, Upland, California, pro se.

Patrick Jennings, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal alleging that the Office of Personnel Management (OPM) refused to issue a reconsideration decision recomputing his annuity. Initial Appeal File (IAF), Tab 1. The appellant asserted that his annuity should be recomputed upward to reflect additional service credit that he was due because of a May 2, 2014 decision by the Office of Workers' Compensation Programs (OWCP) approving him for service benefits from November 1, 2009 through October 16, 2013. *Id*. The administrative judge found that the appellant began requesting a decision on his annuity in June 2014, and that it was not unreasonable for OPM not to have ruled on the appellant's inquiry by November 2014. IAF, Tab 8, Initial Decision (ID). He dismissed the appeal for lack of jurisdiction because the agency had not yet issued a reconsideration decision. ID at 2.

¶3 In his petition for review, the appellant reiterates the assertions he made below. Generally, the Board has jurisdiction over retirement issues only once they have been the subject of an appealable OPM decision. *Kilpatrick v. Office of Personnel Management*, 94 M.S.P.R. 609, ¶ 8 (2003). For purposes of OPM decisions, the Board has recognized three situations in which OPM is deemed to

have issued an appealable decision. *See Ghannam v. Merit Systems Protection Board*, 527 F. App'x 862, 864-65 (Fed. Cir. 2013). Two of those situations are prescribed by OPM's regulations: OPM may either: (1) issue a reconsideration decision under 5 C.F.R. § 841.306; or (2) issue an initial decision without reconsideration rights under 5 C.F.R. § 841.307. Either type of decision is final and appealable to the Board under 5 C.F.R. § 831.308. *See* 5 C.F.R. §§ 831.306(e), .307. The third situation derives from Board case law. Specifically, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *E.g.*, *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). In other words, even an initial decision subject to reconsideration or the absence of any decision at all may, under appropriate circumstances, constitute a final "administrative action or decision" under 5 U.S.C. § 8461(e)(1). For example, the Board has found that OPM improperly failed to issue a final or reconsideration decision when a matter had been pending with OPM for more than 6 years. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014).

¶4 Here, the appellant argues only that the Board should take jurisdiction over his appeal because OPM has improperly failed to issue a final reconsideration decision on his request for recomputation of his annuity to reflect additional service credit. We agree with the administrative judge that because the appellant began requesting a decision on his annuity in June 2014, it was not unreasonable for the agency not to have ruled on his inquiry by November 2014.

¶5 In his petition for review, the appellant states, as he did below, "[s]ince 2011, and ongoing OPM has declares [sic] that it has severe staffing shortage, thus it is unlikely that OPM will issue a final or reconsideration decision." Petition for Review File, Tab 3. The appellant's statement suggests the possibility that he has been seeking a reconsideration decision from OPM since 2011. The record shows otherwise, however. By letter dated December 17, 2013,

OPM adjusted the appellant's annuity upward, apparently based on OWCP's approval of benefits resulting in service credit for the appellant for the period from January 18, 2006 through October 31, 2009. IAF, Tab 7 at 7. It was not until May 2, 2014, that OWCP approved benefits resulting in service credit for the appellant for the period from November 1, 2009 through October 16, 2013, and, as the administrative judge found, it was not until June 2014, that the appellant began requesting an adjustment to his annuity based on the additional service credit that accrued to him based on OWCP's decisions. We find that, under the circumstances here, the absence of a decision by OPM does not constitute a final "administrative action or decision" under 5 U.S.C. § 8461(e)(1), and the appellant has failed to establish Board jurisdiction over his appeal. *See McNeese*, 61 M.S.P.R. 70, 74.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:         _____
                       William D. Spencer
                       Clerk of the Board

Washington, D.C.