**Larry L. COOPER, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 96–3142.

United States Court of Appeals, Federal Circuit.

March 5, 1997.

Rehearing Denied April 2, 1997.

A. Patricia Frohman, Washington, D.C., argued, for petitioner.

Paul S. Padda, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued, for respondent. On the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Assistant Director, and Alfred S. Irving, Jr., Attorney.

Before RICH, SCHALL, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

This case raises the question whether it was proper for the Merit Systems Protection Board to dismiss an employee's appeal from his removal when the agency canceled the removal after the employee retired. Because we agree with the decision of the Board dismissing the employee's appeal as moot, we affirm the Board's order.

I

On April 1, 1991, the Navy removed petitioner Larry L. Cooper from his position as a warehouse worker foreman because of his inability to perform the duties of the position. Cooper filed a timely appeal of his removal with the Board. After his first three appeals were dismissed without prejudice, Cooper filed a fourth appeal. In the meantime, Cooper applied for disability retirement benefits, and his application was approved.

On March 2, 1993, an administrative judge issued an initial decision dismissing Cooper's appeal. The administrative judge ruled that Cooper's disability retirement application was retroactive to a date prior to his removal and that the appeal of the removal was therefore moot. When Cooper petitioned for review of the administrative judge's decision, the full Board reversed and remanded the case to the administrative judge for further proceedings. The Board held that as long as the removal was effected prior to OPM's grant of disability retirement, the Board had jurisdiction to hear the appeal, regardless of the effective date of the retirement.

After that decision, the Navy rescinded Cooper's removal and eliminated all references to the removal from his official personnel file. The Navy substituted a separation based on disability retirement for the removal action. Because the removal was rescinded, the Board dismissed Cooper's appeal as moot. That decision became final on May 18, 1995.

On June 16, 1995, Cooper filed a complaint against the Navy and the Board in the United States District Court for the Southern District of California. In his complaint, Cooper raised four claims. His first claim sought to appeal the decision of the Board

dismissing his removal appeal as moot. Cooper's second and third claims alleged that the Navy had discriminated against him in various ways based on handicap and race. His fourth claim was that the Navy had retaliated against him on account of his "actions taken toward revealing and correcting gross mismanagement, waste of funds, and abuse of authority." Pursuant to 28 U.S.C. § 1631, the district court transferred the case to this court for review of the Board's decision.

## II

The parties agree that the Board initially had jurisdiction over Cooper's appeal of the Navy's action removing him for unacceptable performance. See 5 U.S.C. § 4303(e); 5 C.F.R. § 1201.3(a)(1). The dispute in this case centers on the effect of the Navy's rescission of Cooper's removal after OPM granted Cooper's retirement application.

■ If an appealable action is canceled or rescinded by an agency, any appeal from that action becomes moot. In this case, Cooper alleges that it was improper for the Board to dismiss his appeal as moot, because the rescission of the removal action did not return him to his former position. We uphold the Board's ruling. The Navy's cancellation of the removal action and the removal of all references to that action from Cooper's official personnel file eliminated all the consequences of that action and thus rendered Cooper's appeal moot. After the Navy took those actions, there was no longer any removal or other adverse action for Cooper to appeal. Compare Bruning v. Veterans Admin., 834 F.2d 1019, 1021 (Fed.Cir.1987) (employee's appeal not rendered moot if agency's rescission of removal action is incomplete or leaves another adverse action in place).

■ Cooper argues that to hold his appeal moot would permit an agency to avoid review of a removal action by pursuing the following course: removing the employee, waiting for the employee to file for retirement benefits, rescinding the removal when the retirement application is approved, and then moving to dismiss the employee's appeal from his removal on mootness grounds. The flaw in that argument is that an employee who believes that he has been effectively removed from his position by being improperly coerced or induced to retire can argue that his retirement was involuntary. The Board has jurisdiction over an involuntary retirement, which is treated as if it were a removal. See Staats v. United States Postal Serv., 99 F.3d 1120, 1123 (Fed.Cir.1996); Mueller v. United States Postal Serv., 76 F.3d 1198, 1201 (Fed.Cir.1996); Edgerton v. Merit Sys. Protection Bd., 768 F.2d 1314, 1317 (Fed.Cir.1985). An employee thus may seek reinstatement or back pay as a result of an involuntary retirement. Edgerton, 768 F.2d at 1317. Because Cooper has not alleged that his retirement was involuntary, the Board had no jurisdiction to reinstate him to the position he occupied prior to his retirement.

■ Relying on 5 U.S.C. § 7701(j) and this court's decision in Mays v. Department of Transportation, 27 F.3d 1577 (Fed.Cir. 1994), Cooper argues that the Board impermissibly took his retirement status into consideration in determining that his appeal was moot. Section 7701(j) provides that in determining the appealability of a case involving a removal, the Board may not take into account the individual's status under a retirement system. As this court explained in Mays, section 7701(j) was intended to ensure that an employee who was eligible for retirement at the time of his removal could take a retirement annuity without forfeiting his right to challenge his removal. 27 F.3d at 1580. Thus, Mays was permitted to challenge her removal, even though her retirement became effective on the same day as her removal. In Cooper's case, by contrast, the removal action was rescinded and therefore could not be the subject of an appeal. Thus, in deciding that Cooper's appeal was moot, the Board merely relied on the fact that the agency had rescinded his removal; the Board did not need to consider Cooper's retirement status to reach its conclusion that his appeal was moot. Because Cooper's case no longer involves a removal, section 7701(j) is inapplicable.

### III

The only portion of this case over which this court has jurisdiction is the appeal from the decision of the Merit Systems Protections Board. The complaint that Cooper filed in the district court, however, included claims under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.,* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16, and a claim of retaliation for conduct protected by the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8). Moreover, the complaint sought not only reinstatement and other job-related remedies, but also damages of at least $5 million, based on agency conduct extending beyond Cooper's removal. Those claims and the request for damages would be outside the jurisdiction of the Merit Systems Protection Board even if the Board had jurisdiction over Cooper's appeal from his removal. While the government suggests that there may be other infirmities in Cooper's complaint, we are not in a position to make that determination, as claims two through four of the complaint are not within our jurisdiction. Therefore, while our order affirming the decision of the Board disposes of the first claim in Cooper's complaint, which relates to the appeal from the Board's jurisdictional ruling, it does not dispose of the remaining three claims. Although the district court transferred the entire case to us, it did not advert to the fact that we would not have jurisdiction over counts 2 through 4, nor did it address whether it had jurisdiction over those counts. Under these circumstances, we deem it the best course to transfer the case back to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1631 for further proceedings on the three remaining claims in the complaint.

*AFFIRMED* and *TRANSFERRED.*