NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3008

JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

John-Pierre Baney, of Seagoville, Texas, pro se.

Patrick B. Bryan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief was Kelly L. McDonald, Assistant General Counsel, Office of General Counsel, Labor Law Branch, Federal Bureau of Prisons, of Dallas, Texas.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3008


JOHN-PIERRE BANEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  February 8, 2007

_____


Before GAJARSA, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.


John-Pierre Baney ("Baney") appeals the decision of the Merit Systems Protection Board ("the Board") dismissing his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").  <u>Baney v. Dep't of Justice</u>, DC3443060016-I-I (M.S.P.B. Aug. 15, 2006).  Because the Board properly dismissed Baney's appeal as moot, we <u>affirm</u>.

BACKGROUND

Baney is an employee of the Department of Justice, Federal Bureau of Prisons ("the agency"), and he is a reservist in the United States Coast Guard ("Coast Guard"). In 2005, Baney submitted a claim to the Employee Services Office alleging that the agency erroneously charged him military leave during the period from 1987 through

2001, when he attended training with the Coast Guard on days that he was not scheduled to work his civilian job with the agency. Baney argued that in so doing, the agency violated our holding in Butterbaugh v. Dep't of Justice, 336 F.3d 1332, 1343 (Fed. Cir. 2003) (holding that USERRA requires federal employees to take military leave only for days that they are required to work). In response to Baney's claim, the agency performed an audit of Baney's records, originally finding no evidence that Baney was entitled to corrective action for military leave charged on non-workdays. Baney filed a petition with the Board's regional office, again seeking the additional leave that he claimed was owed to him.

During the discovery phase of the litigation, the agency received additional documents, which it did not review before, relating to Baney's attendance and leave records. As a result of reviewing these additional documents, the agency determined that it had incorrectly charged Baney military leave for thirteen days between 1994 and 2000. During a status conference, the agency brought its finding to the attention of the Board's administrative judge ("AJ") assigned to the case. The AJ provided Baney with additional time to determine whether to pursue reinstatement of leave for any other dates. During a subsequent status conference, Baney informed the AJ that he did not intend to seek reinstatement of leave for additional dates beyond the thirteen days that the agency admitted he was owed.

The agency restored thirteen days of military leave to Baney on March 30, 2006. The agency also moved to dismiss Baney's appeal as moot. On March 31, 2006, the AJ issued an order for Baney to show cause as to why the appeal should not be dismissed as moot. The order notified Baney that if he failed to respond or to set forth

good cause, his petition would be dismissed. Baney did not respond to the order. On April 11, 2006, the AJ dismissed Baney's petition as moot. On August 15, 2006, the Board denied Baney's request to review the AJ's decision, thereby making the AJ's decision final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We must affirm the decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Baney has not met this burden.

In Cooper v. Dep't of the Navy, 108 F.3d 324, 326 (Fed. Cir. 1997), this court stated that "if an appealable action is canceled or rescinded by an agency, any appeal from that action becomes moot." In Cooper, we held that it was proper for the Board to dismiss a Navy employee's appeal from his removal when the agency canceled the removal after the worker retired on disability. Id. at 326.

Baney's petition involves the agency improperly charging Baney military leave for days that he was not scheduled to work in his civilian job, in violation of Butterbaugh, 336 F.3d at 1343. After the agency discovered that Baney had been erroneously charged thirteen days leave for training activities with the Coast Guard on days that he was not scheduled to work in his civilian job, it reinstated each of the thirteen days. Baney acquiesced that there were no additional days for which he sought relief. Once the agency reinstated Baney's leave, there was no longer an adverse agency action, as

the agency had unilaterally given Baney the only relief that the Board or this court could have granted.

CONCLUSION

For these reasons, the AJ properly dismissed Baney's appeal as moot.  Because Baney's appeal fails to show any reversible error under 5 U.S.C. § 7703(c), the decision of the Board must be affirmed.

No costs.