NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2006-3342

GEORGE E. KINCADE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

George E. Kincade, of Bridgeport, Connecticut, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3342

GEORGE E. KINCADE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: March 28, 2007

_____

Before NEWMAN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

NEWMAN, Circuit Judge.

George E. Kincade, appearing pro se, appeals the decision of the Merit Systems Protection Board dismissing the appeal of his removal from employment by the Internal Revenue Service (IRS). The Board held that since the IRS had subsequently cancelled the removal, and the United States District Court for the District of Connecticut resolved his

discrimination and retaliation claims, his appeal to the Board was moot.[1] We agree that the issues on appeal are now moot, and discern no legal, factual or procedural error in the Board's decision, which is <u>affirmed</u>.

BACKGROUND

Mr. Kincade was employed as a GS-09 Revenue Officer in the Norwalk, Connecticut office. He states that he experienced various performance issues, that he had a contentious relationship with his supervisors, and that he suffered health problems. The IRS approved his request for extended leave in light of the health problems, and in August 1999 he was placed in Leave Without Pay status. On September 20, 2000, during his LWOP status, Mr. Kincade filed suit in the United States District Court for the District of Connecticut alleging, <u>inter alia</u>, racial discrimination and retaliation, and seeking relief including damages.

By letter dated November 29, 2000, the agency proposed to remove Mr. Kincade from service, based on his unavailability for work since May 1999 for medical reasons. Mr. Kincade responded, stating that his absence from work was due to illness caused by a stressful work environment including the racial discrimination that he experienced. He explained that he would only return to work with his doctor's permission, and charged that the proposed removal was an additional discriminatory insult by the IRS.

---

1    <u>Kincade v. Department of the Treasury</u>, No. BN0752010143-I-3 (M.S.P.B. Feb. 22, 2006).

2006-3342                                  2

Mr. Kincade pursued his claims of discrimination, retaliation, and emotional stress in several forums, including the Equal Employment Opportunity Commission, the Board, and federal district court. On March 30, 2001 he filed suit in the United States District Court for the District of Connecticut. The district court found that various issues had negatively impacted his job performance. For example, Mr. Kincade, although an IRS employee, was suspended for failing to file an income tax return in 1991, 1992, 1993, and 1994; he also received poor performance reviews, and his duties were altered because of inadequate performance. The district court granted the government's motion for summary judgment, rejecting all of Mr. Kincade's claims of discrimination and retaliation.[2]

Mr. Kincade's application for disability retirement was granted by OPM on April 23, 2001, one month after his removal, retroactive to August 24, 1999. It appears that OPM in May 2000 informed Mr. Kincade that he had not satisfied the criteria for disability retirement because the agency determined that he "failed to meet the burden of proof that [to be] eligible for disability retirement based on all of the evidence of record in [his] case file"; but it appears to have been resolved with reinstatement of disability retirement in 2001. Meanwhile, in addition to the Connecticut suit, supra, he continued to contest the removal by administrative appeal. Mr. Kincade refiled his appeal with the Board on April 25, 2005. Subsequently, in view of the renewed grant of disability retirement, the IRS expressly cancelled the removal action on December 14, 2005, and then moved before the Board that the removal was moot.

---

2    Kincade v. Department of the Treasury, No. 300-CV-1801-PCD (D. Conn. Sept. 29, 2003).

On February 22, 2006 an Administrative Judge of the MSPB dismissed the appeal as moot. The AJ reasoned that since Mr. Kincade's disability retirement was retroactive to August 1999, before the agency removal went into effect, the practical result was that the agency cancelled his removal in favor of disability retirement. The AJ declined to consider Mr. Kincade's discrimination and reprisal claims, observing that they were disposed of in the Connecticut district court. The full Board declined review, and this appeal followed.

DISCUSSION

We affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). The petitioner bears the burden of establishing error in the Board's decision. Id.

Mr. Kincade argues that the Board erred on two grounds: (1) that his claims in connection with his removal action were not mooted upon the agency's recission of the action, and (2) that his discrimination, retaliation, and emotional distress claims should now be considered. He seeks compensation for "physical and mental damage" inflicted by the IRS and for loss of income.

**A**

As these proceedings evolved, the IRS expressly cancelled the removal action and on January 3, 2006 placed a letter in Mr. Kincade's Official Personnel Folder (OPF) to show retirement for disability. The government states, and we agree, that this is the full relief that would have been available to Mr. Kincade with respect to the removal. See Cooper v.

<u>Dep't of the Navy</u>, 108 F.3d 324, 326 (Fed. Cir. 1997) (the agency's cancellation of a removal action and deletion of adverse references from the Official Personnel File negate the consequences of the removal and hence any appeal becomes moot).

We affirm the Board's ruling that the IRS' cancellation of Mr. Kincade's removal and the adjustment of his official records to show disability retirement mooted the appeal to the MSPB, and that it was properly dismissed on this ground.

B

Mr. Kincade also argues that the Board erred in not examining his claims of racial discrimination, retaliation, and emotional distress. The AJ held that his Title VII charges of discrimination and reprisal were <u>res</u> <u>judicata</u>, for they were heard and found meritless by the district court. <u>See</u> <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979) (a right or fact that was at issue and finally determined by a court of competent jurisdiction cannot be relitigated in a subsequent suit between the same parties or their privies). We discern no error by the Board, for Mr. Kincade's discrimination and reprisal claims had been decided in the district court, and were not subject to review or relitigation before the Board. Although Mr. Kincade is correct that there was a jurisdictional basis for his discrimination and reprisal claims, <u>see</u> <u>Lamberson v. Dep't of Veterans Affairs</u>, 80 M.S.P.R. 648, 650-51 (M.S.P.B. 1999) (the Board may retain jurisdiction of an appeal for relief and compensatory damages under, <u>inter</u> <u>alia</u>, discrimination and whistleblowing statutes notwithstanding the appellant's retroactive retirement status), in the Kincade circumstances the claims are barred by <u>res</u> <u>judicata</u>. Mr. Kincade's contention that the IRS inflicted "physical and mental damage" and placed excessive stress upon him was resolved by the district court. To the extent that Mr.

Kincade is dissatisfied with the decision of the district court, his path of review was not through the MSPB or this court.

Mr. Kincade also argues that he has a right to a hearing on his discrimination and reprisal claims, and that the district court's summary dismissal of those claims violated constitutional rights. We discern no constitutional issue, and no error by the Board in its treatment of these issues.