NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES R. WELCOME,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3093, -3094

---

Petitions for review of the Merit Systems Protection Board in Nos. AT0752120317-I-1 and AT0752120469-I-1.

---

Decided:  October 16, 2013

---

JAMES R. WELCOME, of Pensacola, Florida, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent.  With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM

James R. Welcome appeals the Merit Systems Protection Board's ("Board") decisions holding that his removal appeal was moot and his involuntary retirement appeal was outside the Board's jurisdiction. This court affirms.

BACKGROUND

Before his retirement, Mr. Welcome was employed by the Department of the Navy ("the Agency") as a Work and Family Life Supervisor, GS-0101-11. Mr. Welcome went on approved sick leave status on February 14, 2011. Over eight months later, on October 28, 2011, the Agency asked for a written and signed release from Mr. Welcome's doctor, and requested that Mr. Welcome return to duty by November 14, 2011. When he did not return as requested, the Agency issued a Notice of Proposed Removal on January 6, 2012. After considering Mr. Welcome's written response, the Agency removed Mr. Welcome from service, effective February 7, 2012. It explained the removal was "based on [Mr. Welcome's] excessive approved absence for which there has been given no end in sight." Respondent's Appendix ("App'x") at 28.

Mr. Welcome appealed his removal to the Board, arguing removal could not be based on approved sick leave. In the meantime, however, he applied for voluntary retirement with an effective date of February 3, 2012, four days before the removal. When Mr. Welcome notified the Administrative Judge ("AJ") of this development, the AJ explained in a status conference that voluntary retirement predating removal could nullify the removal and thus moot Mr. Welcome's appeal. The Agency then approved Mr. Welcome's retirement application, cancelled the removal, and eliminated all information concerning the removal from Mr. Welcome's Official Personnel Folder.

On March 14, 2012, the Agency moved to dismiss Mr. Welcome's appeal. The AJ ordered Mr. Welcome to show cause why his appeal should not be dismissed as moot. The order explained that an appeal becomes moot when "the agency completely rescinds the action being appealed by returning appellant to the status quo ante." App'x at 50. It also noted that even if Mr. Welcome's removal appeal was moot, he had the option of filing a new appeal alleging involuntary retirement if he believed the Agency had coerced him to retire.

Following Mr. Welcome's response, the AJ dismissed the removal appeal on April 8, 2012. It held the action appealed was completely rescinded by the Agency, because "the undisputed evidence shows that the agency canceled the appellant's removal and deleted all references to that action from his [Official Personnel File]." App'x at 9. The AJ noted that Mr. Welcome's response had not argued against mootness, but instead alleged involuntary retirement. In particular, Mr. Welcome argued the Agency lacked any legitimate basis to remove him, and that the removal threatened his retirement annuity and forced him to retire.

Soon after the dismissal of Mr. Welcome's first appeal, the AJ *sua sponte* docketed a separate appeal to address Mr. Welcome's alleged involuntary retirement. However, after considering the parties' written submissions, the AJ dismissed the second appeal, saying Mr. Welcome failed to show involuntary retirement. The AJ explained that retirement is presumed voluntary, and that Mr. Welcome's decision to retire rather than be removed, without more, did not rebut that presumption. The AJ rejected Mr. Welcome's argument that a federal agency cannot remove an employee for taking authorized sick leave. Although an earlier Board decision had stated such a rule, *Holderness v. Defense Commissary Agency*, 75 M.S.P.R. 401 (1997), it was overruled by *McCauley v. Department of the Interior*, 116 M.S.P.R. 484 (2011), where the Board

held that excessive absenteeism may be a ground for removal, regardless of the type of leave. The AJ also found that even if Mr. Welcome had been removed, "he still could have retired without losing his annuity." App'x at 111.

Mr. Welcome petitioned the full Board for review of both dismissals. The Board denied the petitions, holding Mr. Welcome had identified no erroneous findings of material fact, no erroneous statement of law or application of law to fact, nor any other basis for granting the petition. *Welcome v. Dep't of the Navy*, MSPB Docket No. AT-0752-12-0317-I-1 (Feb. 5 2013); *Welcome v. Dep't of the Navy*, MSPB Docket No. AT-0752-12-0469-I-1 (Feb. 5, 2013). Mr. Welcome filed this timely appeal. This court has jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703.

## DISCUSSION

This court must affirm the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The employee bears the burden to prove jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). "Whether the [B]oard has jurisdiction over an appeal is a question of law that this court reviews *de novo.*" *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

The Board has jurisdiction over an appeal from the Agency's removal of an employee. *See* 5 U.S.C. § 7512(1) (enumerating specific adverse actions over which the Board has jurisdiction); *see also* 5 U.S.C. § 7513(d). Accordingly, the Board properly exercised jurisdiction over Mr. Welcome's first appeal challenging his removal. However, an appeal is rendered moot when the agency cancels the appealed action and returns the employee to the status quo ante. *Cooper v. Dep't of the Navy*, 108 F.3d

324, 326 (Fed. Cir. 1997). In this case, the Board found the Agency returned Mr. Welcome to the status quo ante by canceling his removal and eliminating all mention of it from his Official Personnel File.

On appeal, Mr. Welcome argues the Agency failed to meet its burden to justify his removal. Petitioner's Br. at 9 ("The Agency has the burden of providing the preponderance of evidence (51%) to support the charge."). However, as held by the Board and not challenged on appeal, Mr. Welcome's retirement cancelled the removal, so there was no remaining adverse action for the Agency to justify. Accordingly, the Board correctly dismissed Mr. Welcome's first appeal as moot.

Mr. Welcome's second appeal alleged jurisdiction based on involuntary retirement. Retirement is presumed to be voluntary, and the Board lacks jurisdiction over voluntary retirement. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed. Cir. 1996). However, an involuntary or coerced retirement is tantamount to a removal for purposes of Board jurisdiction. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006). To rebut the presumption of voluntariness, "an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000) (quoting *Staats*, 99 F.3d at 1124).

The Board stated that retirement due to threatened removal "may be considered coerced if the employee can show that the agency had no reasonable grounds for threatening to take the removal action." App'x at 109 (citing *Lamb v. U.S. Postal Serv.*, 46 M.S.P.R. 470, 475 (1990)). However, the Board rejected Mr. Welcome's argument that excessive authorized sick leave was not a

reasonable grounds for removal. App'x at 110–112 (citing *McCauley*, 116 M.S.P.R. at 484). Additionally, the Board held Mr. Welcome "did in fact have a choice" of whether or not to retire. Even if Mr. Welcome had appealed his removal and lost, the Board found he could have retired without losing his annuity. App'x at 111 (citing *Cooper*, 108 F.3d 324).

On appeal, Mr. Welcome argues the Agency's removal was meant to force him to retire by leaving him "no life lines of support." U.S. Ct. of Appeals for the Fed. Cir., Form 11, INFORMAL BRIEF OF JAMES R. WELCOME at 1 (2013). He argues the Board improperly sought to remove him on grounds of misconduct, which, according to Mr. Welcome, would have made him ineligible for his retirement annuity. Petitioner's Br. at 1–8, 10–12. Mr. Welcome cites 5 U.S.C. § 8336(d)(1) to show that removal based on misconduct renders an employee ineligible for his retirement annuity. However, this subsection applies to employees that have either completed 25 years of service or are over 50 and completed 20 years of service. At the time of his separation, Mr. Welcome was over 55 and had completed over 30 years of service, and was thus eligible for his annuity regardless of the reason for his separation. *See* 5 U.S.C. § 8336(a) (stating that an employee meeting these requirements "is entitled to an annuity"). In light of this provision, the Board correctly concluded that Mr. Welcome had realistic alternatives to retirement. The Board did not err in holding Mr. Welcome failed to rebut the presumption that his retirement was voluntary and not appealable.

## CONCLUSION

This court has considered Mr. Welcome's remaining arguments and finds them unpersuasive. For the foregoing reasons, this court affirms the Board's decisions dismissing Mr. Welcome's removal appeal as moot and his involuntary retirement appeal for lack of jurisdiction.

**AFFIRMED**