## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MELLODY E. HUNTLEY, <br>     Appellant, | DOCKET NUMBER <br> CH-0752-19-0568-I-2 |
|    v. | |
| SOCIAL SECURITY <br>  ADMINISTRATION, <br>     Agency. | DATE: June 21, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Mellody E. Huntley, Glendale Heights, Illinois, pro se.

James Hail, Esquire, Jordan Stein, and Linda M. Januszyk, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was a Legal Assistant with the agency's Office of Hearing Operations. *Huntley v. Social Security Administration*, MSPB Docket No. CH-0752-19-0568-I-1, Initial Appeal File (IAF), Tab 139 at 16. In August 2019, the appellant filed an application for a disability retirement annuity with the Office of Personnel Management (OPM). *Id.* at 35, Tab 151 at 32; *Huntley v. Social Security Administration*, MSPB Docket No. CH-0752-19-0568-I-2, Appeal File (I-2 AF), Tab 10 at 44. Effective September 9, 2019, the agency removed her under chapter 75 of title 5 for conduct unbecoming a Federal employee and failure to follow instructions. IAF, Tab 139 at 16-36. She subsequently filed a Board appeal challenging her removal. IAF, Tab 1 at 6-12.

¶3      In November 2019, OPM approved the appellant's application for disability retirement. IAF, Tab 164 at 4-6. At the appellant's request, the administrative judge dismissed the appeal without prejudice, pending OPM's processing of the appellant's annuity. IAF, Tab 162 at 3, Tab 163 at 1, Tab 165 at 2-3. She subsequently refiled her appeal, alleging she "never received [her] retirement settlement agreement." I-2 AF, Tab 1 at 3.

¶4      Following an order to produce the alleged settlement agreement, the administrative judge issued an initial decision dismissing the appeal. I-2 AF, Tab 8 at 2, Tab 17, Initial Decision (ID) at 1-2. The administrative judge found that the appellant failed to produce a copy of the alleged settlement agreement or any evidence of an oral agreement and failed to identify how the agency breached the alleged settlement agreement. ID at 5-6. Accordingly, the administrative judge found that the Board lacked jurisdiction over "this compliance appeal to enforce the terms" of an alleged settlement agreement. ID at 6.

¶5	The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. Among other things, she references the "Retirement Annuity Settlement Agreement" and reasserts that her removal was "wrongful." *Id.* at 5-6. The agency has responded to her petition for review, and the appellant has replied to its response.[2] PFR File, Tabs 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred by not adjudicating the appellant's removal.

¶6	The administrative judge dismissed the appeal, finding the appellant failed to produce any evidence of a settlement agreement over which the Board might have jurisdiction. ID at 4-6. In addition to reasserting her settlement agreement claim, the appellant on review challenges her removal, which was the subject of her original Board appeal. IAF, Tab 1 at 6-12; PFR File, Tab 1 at 5.

¶7	The Board has jurisdiction over the removal of a tenured Federal employee. 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d); *see Epley v. Inter-American Foundation*, 122 M.S.P.R. 572, ¶ 14 (2015) (finding that an individual who met the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A) was entitled to appeal her removal to the Board). Under 5 U.S.C. § 7701(j), an individual's status under any retirement system may not be taken into account in a case

---

[2] The appellant has additionally filed three pleadings on review apparently seeking to change her name in connection with this appeal. PFR File, Tab 21 at 4, Tab 23 at 4, Tab 32 at 4. However, the various requests differ on what exact name she prefers. *Id.* Therefore, to the extent the appellant is seeking to change her name, we deny her request for lack of clarity.

To the extent the appellant is attempting in these pleadings to supplement her arguments on review, raise new matters, or initiate the settlement process, we decline to consider them. PFR File, Tab 23 at 4-6, Tab 32 at 4-5. As the Office of the Clerk of the Board previously advised the parties, once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and the party submitting it shows that it was not readily available before the record closed. PFR File, Tab 2 at 1-2; 5 C.F.R. § 1201.114(k). The appellant has submitted her pleading after the close of the record and has not made the required showing. The appellant may wish to raise her request to engage in settlement discussions with the agency and the administrative judge on remand.

involving a removal from the service. Thus, when an agency issues its removal decision before an appellant retires, the Board retains jurisdiction over the appellant's removal. *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994); *Paula v. Social Security Administration*, 119 M.S.P.R. 138, ¶ 12 (2013). However, if an agency rescinds its removal decision as the result of an employee's voluntary decision to retire retroactive to the effective date of the removal, the removal may be moot, thus depriving the Board of jurisdiction. *Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1374-75 (Fed. Cir. 2019); *Cooper v. Department of the Navy*, 108 F.3d 324, 325-26 (Fed. Cir. 1997).

¶8      There appears to be no dispute that the appellant is an employee under 5 U.S.C. § 7511(a)(1)(A). IAF, Tab 139 at 16, 30-33. The appellant's removal here was effected September 9, 2019. *Id.* at 16. There is no indication in the record that the agency rescinded the removal. However, OPM approved and began payments on the appellant's disability retirement annuity. IAF, Tab 164; I-2 AF, Tab 11 at 48-52. Accordingly, we must remand this appeal for a determination of whether the Board retains jurisdiction over her removal under 5 U.S.C. § 7701(j), or if the removal is now moot. If the administrative judge determines the Board has jurisdiction over the removal, she should schedule the appellant's requested hearing on the merits. IAF, Tab 1 at 2.

The administrative judge correctly determined that the Board has no jurisdiction over the appellant's alleged settlement agreement.

¶9      The appellant on review suggests that the agency breached the "Retirement Annuity Settlement Agreement," which she states she "never received." PFR File, Tab 1 at 5, Tab 5 at 4. The administrative judge found that the appellant did not produce a settlement agreement, show evidence of an oral settlement agreement, or demonstrate how the agency breached the alleged settlement agreement. ID at 6. The Board has jurisdiction to enforce a settlement agreement that has been entered into the record for that purpose. *Delorme v. Department of*

*the Interior*, 124 M.S.P.R. 123, ¶¶ 9-21 (2017).  Because neither party submitted an agreement or asserted the Board has authority to enforce it, we agree with the administrative judge that the Board lacks jurisdiction over the alleged breach.[3]

¶10    In making our decision, we have not considered the documents the appellant has submitted with her petition for review.  PFR File, Tab 1 at 10-38, Tab 5 at 8-29, Tab 6 at 4-6.  The Board will grant a petition for review when, among other reasons, new and material evidence is available that, despite the petitioner's due diligence, was not available when the record closed.  *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 6 (2014); 5 C.F.R. § 1201.115(d).  The documents submitted by the appellant predate the close of record below, and the appellant has not explained why she did not submit them at that time.  *Ellis*, 121 M.S.P.R. 570, ¶ 6; 5 C.F.R. § 1201.115(d); IAF, Tab 8 at 3; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (explaining that under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence).  Further, to the extent the documents are already in the record below, they are not new evidence.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

---

[3] After the appellant refiled her appeal, she expressed disagreement with OPM's processing of her retirement annuity.  For example, she questioned whether she should have been allowed to take a regular retirement and suggested there was a discrepancy in her benefits.  I-2 AF, Tab 9 at 4, 22.  She appears to re-raise these claims on review.  PFR File, Tab 1 at 5, Tab 5 at 4-5.  To the extent the appellant disagrees with OPM's handling of her annuity and related benefits, she may file a separate appeal naming OPM as the responding agency.  We express no opinion as to the Board's jurisdiction over such an appeal.  Generally, the Board has jurisdiction over retirement matters only after OPM has issued a reconsideration decision or the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue one.  *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012).  The record before us does not contain a reconsideration decision.

**ORDER**

¶11     For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.