# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BERNICE PEREZ,<br>　　　　Appellant, | DOCKET NUMBER<br>NY-0752-22-0091-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　Agency. | DATE: April 10, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Bernice Perez, Mayaguez, Puerto Rico, pro se.

Latriece D. Jones, Mobile, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her adverse action appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On February 15, 2022, the agency issued a final decision removing the appellant from her Farm Service Agency District Director position based on 13 specifications of inappropriate conduct. Initial Appeal File (IAF), Tab 1 at 2, Tab 7 at 20, 22-25. The decision letter informed the appellant that she would be removed effective February 20, 2022. IAF, Tab 7 at 23. On February 19, 2022, the appellant retired, and the agency documented the retirement as being in lieu of involuntary action ("Retirement-ILIA") on a Standard Form 50 (SF-50). *Id.* at 20.

Thereafter, the appellant filed an appeal with the Board, contesting the merits of the removal action and alleging that the removal pressured her to retire involuntarily. IAF, Tab 1 at 4-5. She raised the affirmative defenses of discrimination based on age, race, ethnicity, national origin, and sex. *Id.* The administrative judge issued an order notifying the appellant that the Board may not have jurisdiction over her appeal because "retirements are presumed to be voluntary, and voluntary actions are not appealable to the Board." IAF, Tab 4 at 2. The order advised the appellant that her appeal would be dismissed unless she made a nonfrivolous allegation that she had retired "because of duress, coercion, or misrepresentation by the agency," and that her requested hearing would be held only if she submitted evidence of the same. *Id.* The appellant did not respond to the jurisdiction order. Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that her decision to retire was the result of coercion. IAF, Tab 33, Initial Decision at 6-9 (citations omitted).

The appellant has filed a petition for review reiterating her arguments below, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1-2, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Title 5 United States Code, section 7701(j) provides that "[i]n determining the appealability under [section 7701] of any case involving a removal from the service . . . neither an individual's status under any retirement system established by or under Federal statute nor any election made by such individual under any such system may be taken into account." The Board and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) have consistently interpreted this section to provide that an employee does not lose the right to appeal an agency's removal decision simply because she retires on or before the date the removal was to become effective. *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994); *Williams v. Department of Health & Human Services*, 112 M.S.P.R. 628, ¶ 7 (2009). For example, in *Mays*, on December 1, 1992, the agency issued a final decision to remove the employee, effective December 4, 1992. 27 F.3d at 1578. After receiving the decision letter, the employee retired on December 4, 1992, the same day her removal was to become effective. *Id.* The Federal Circuit construed 5 U.S.C. § 7701(j) to find that the agency's final decision was an appealable adverse action, and thus the petitioner could appeal her removal to the Board.[2] *Id.* at 1579-81.

---

[2] This appeal can be distinguished from the Federal Circuit's decision in *Jenkins v. Merit Systems Protection Board*, 911 F. 3d 1370 (Fed. Cir. 2019), which also involved an employee's retirement proximate to an agency removal action and the possible application of 5 U.S.C. § 7701(j). In that case, the court found that the Board lacks jurisdiction over a removal appeal if the agency completely cancels or rescinds the removal action before the appeal is filed with the Board, such that an appeal from that action has become moot "because the agency . . . removed 'all references to [the removal action] from [the petitioner's] official personnel file,' thereby 'eliminat[ing] all consequences of that action.'" *Id*. at 1374-75 (quoting *Cooper v. Department of the Navy*, 108 F.3d 324, 326 (Fed. Cir. 1997)). In the instant case, there is no evidence that the agency canceled or rescinded its decision to remove the appellant. In fact, as noted, the appellant's removal is documented on her retirement SF-50. IAF, Tab 7 at 20. Therefore, as in *Mays*, the appellant cannot "escape the final agency decision to remove her." 27 F.3d at 1580; *see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 22 (2014) (finding that when an agency processes the retirement request and not the removal action, and when such retirement documentation explicitly references the removal action, the Board retains jurisdiction over that action).

As set forth previously, the appellant here received written notice on February 15, 2022, of the agency's final decision to remove her effective February 20, 2022. IAF, Tab 7 at 22-25. She retired on February 19, 2022, the day before her removal became effective, *id.* at 20; and even though the agency ultimately processed the appellant's retirement and not the removal, it issued an SF-50 documenting her separation as "Retirement-ILIA," which specifies that the appellant "retired after receiving written notice on February 15, 2022, of decision to separate [her] for inappropriate conduct," *id.* Thus, this is a case involving a removal, and we find that the Board has jurisdiction over the appellant's adverse action appeal.

Because we find that the administrative judge erred in dismissing the adverse action appeal for lack of jurisdiction, we also find that she erred in adjudicating the appellant's involuntary retirement claim. The Board has held that it is an error to adjudicate an appellant's involuntary retirement claim as a matter distinct from a removal action. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 23 (2014); *see Williams*, 112 M.S.P.R. 628, ¶¶ 7-8 (2009). Rather, it will examine the merits of the adverse action, and if the agency is unable to support its removal decision, then the appellant is entitled to all the relief she could receive if she could show that her retirement was coerced; her involuntary retirement claim would thereby be mooted. *Scalese v. Department of the Air Force*, 68 M.S.P.R. 247, 249 (1995). Conversely, if the agency is able to show that it properly decided to remove the appellant, then she could not show her retirement was involuntary based on the threat of the removal action. *Id.*; *Williams*, 112 M.S.P.R. 628, ¶ 7. Accordingly, we vacate the initial decision and remand this case for adjudication of the adverse action appeal.

On remand, the administrative judge shall hold the appellant's requested hearing and adjudicate the appellant's removal. She shall also adjudicate the appellant's affirmative defenses. The administrative judge shall then issue a new initial decision addressing the merits of the appellant's removal without regard to

involuntary retirement or resignation doctrine. However, if the agency meets its burden with respect to the removal, but evidence or argument on remand raises the issue of involuntary retirement based on circumstances other than the threat of removal, the administrative judge should address whether that evidence or argument establishes that the appellant's retirement was involuntary.[3] *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we vacate the initial decision and remand this case to the New York Field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[3] On review, the appellant submits numerous additional documents, such as medical records, performance appraisals, and SF-50s. PFR File, Tabs 1-2. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Because we are remanding this matter, the administrative judge should consider these documents to the extent they are relevant to the issues on remand.