# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASON SCHMECKPEPER,
       Appellant,

DOCKET NUMBER
DE-0752-20-0395-I-1

        v.

DEPARTMENT OF THE AIR FORCE,
       Agency.

DATE: April 15, 2024

# THIS ORDER IS NONPRECEDENTIAL*

Jason Schmeckpeper, Sahuarita, Arizona, pro se.

Steven G. Clark, Esquire, Phoenix, Arizona, for the agency.

Travis K. Ausland, Esquire, Tucson, Arizona, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as moot. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

---

** A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The following facts are undisputed. The appellant was a WG-11 Aircraft Electrician for the agency. Initial Appeal File (IAF), Tab 11 at 4. He was also a Technical Sergeant for the Arizona Air National Guard. *Id*. at 9, 21. The appellant was a dual status military technician, which is defined in 10 U.S.C. § 10216(a)(1)(B) and (C) as "a Federal civilian employee who – is assigned to a civilian position as a technician" and "is required as a condition of [his] employment to maintain membership in the Selected Reserve." IAF, Tab 11 at 113; *see* 32 U.S.C. § 709.

On May 8, 2020, the agency proposed the appellant's removal from his civilian Aircraft Electrician position for misconduct under 5 U.S.C. chapter 75. IAF, Tab 11 at 29-31. After the appellant responded, the agency issued a decision to remove him effective June 19, 2020. *Id*. at 11-13. However, due to an administrative error, the appellant's removal was not processed. *Id*. at 5. Therefore, on August 6, 2020, the agency issued a new decision to remove the appellant effective August 10, 2020, and it retroactively placed him in a paid administrative leave status for the intervening period. *Id*. at 5-8. The appellant's removal became effective on August 10, 2020. *Id*. at 4.

Meanwhile, the Arizona National Guard instituted proceedings to discharge the appellant from his reservist position based on the same conduct underlying his removal from his civilian position. The appellant waived a hearing before the administrative discharge board in exchange for a discharge Under Honorable Conditions. *Id*. at 21-25. The appellant was discharged from military service effective June 19, 2020. *Id*. at 9.

The appellant filed a Board appeal of his removal and requested a hearing. IAF, Tab 1 at 2-3, 5. The agency moved to dismiss the appeal on the basis that the appellant was no longer eligible to occupy his former WG-11 Aircraft Electrician position because he was no longer a member of the National Guard. IAF, Tab 10 at 5-6. The administrative judge then issued an initial decision

dismissing the appeal as moot. IAF, Tab 20, Initial Decision (ID). He found that, because the appellant no longer had the military reserve status required as a condition of his dual status employment, the Board would be unable to restore him to his former civilian position, and there was no further relief available to him. ID at 2. The administrative judge further found that the appellant did not raise any affirmative defenses which would prevent dismissal as moot due to the potential for compensatory damages. ID at 2-3.

The appellant has filed a petition for review, arguing that the Standard Form 50 (SF-50) documenting his removal still reflects a removal for misconduct, and that he should have the opportunity to have the SF-50 amended to reflect a more favorable basis for separation. Petition for Review (PFR) File, Tab 1 at 3-5. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

Before turning to the issue of mootness, we first address the basic issue of the Board's jurisdiction over this appeal under 5 U.S.C. chapter 75. Removals from service are among the adverse actions covered under 5 U.S.C. chapter 75, subchapter II. 5 U.S.C. § 7512(1). Under 5 U.S.C. § 7513(d), an employee against whom an adverse action is taken under that subchapter is entitled to appeal to the Board. Dual status technicians like the appellant are generally considered "employees" for purposes of chapter 75, except as limited by 32 U.S.C. § 709(f). *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1382 (Fed. Cir. 2020). Specifically, 32 U.S.C. § 709(f) excludes a dual status technician from title 5's definition of "employee," and thus precludes a Board jurisdiction, when the adverse action at issue (1) "concerns activity occurring while the member is in a military pay status" or (2) "concerns fitness for duty in the reserve components." 32 U.S.C. § 709(f)(4). "'[F]itness for duty in the reserve components' refers only to military-unique service requirements that

attend to military service generally, including service in the reserve components or service on active duty." 32 U.S.C. § 709(j).

In this case, the agency does not allege, and there appears to be no indication in the record, that the conduct underlying the appellant's removal occurred while he was in military pay status. In addition, the documentary evidence is clear that the reason for the appellant's removal was his alleged misconduct and not his fitness for duty in the reserve components. IAF, Tab 11 at 3-8, 29-31. Therefore, even if the appellant's alleged *conduct* might have a bearing on his fitness for duty in the reserve components, the *appeal* itself does not concern such fitness for duty. The instant appeal is distinguishable from *Dyer*, in which the court held that a dual status technician's removal based on his separation from the National Guard concerned his fitness for duty in the reserve components, and that his Board appeal rights were therefore precluded under 32 U.S.C. § 709(f)(4). 971 F.3d at 1382-83. Because the appellant in this case was removed based on allegations of misconduct rather than on military-unique service requirements, we find that 32 U.S.C. § 709(f)(4) does not apply, and that the appellant has the right to appeal his removal to the Board pursuant to 32 U.S.C. § 709(f)(5) and 5 U.S.C. § 7513(d).

We now address the issue of whether this appeal is moot. Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot if the appellant has obtained all of the relief he could have obtained had he prevailed before the Board, or if there is no further relief that the Board can grant. *Calhoon v. Department of the Treasury*, 90 M.S.P.R. 375, ¶ 9 (2001); *Uhlig v. Department of Justice*, 83 M.S.P.R. 29, ¶ 7 (1999). To render an appeal moot, the situation must be such that the Board cannot grant effective relief. *Stringer-Earnest v. Department of the Navy*, 57 M.S.P.R. 533, 536 (1993).

In this case, we agree with the administrative judge that it is not possible to restore the appellant to his former position because he no longer meets the statutory requirement of membership in the reserve components. ID at 2. Nor is

it possible to award the appellant back pay covering the period between his actual removal and his statutorily-mandated removal date because his loss of reserve component membership preceded his actual removal by nearly 2 months. We also agree with the administrative judge that the appellant did not raise any affirmative defenses that would prevent this appeal from becoming moot based on the possibility of damages. ID at 2-3; *see Alleman v. Department of the Army*, 79 M.S.P.R. 233, 240 n.2 (1998) (explaining that an outstanding, viable claim for consequential or compensatory damages prevents an appeal from being moot). Even if proven, the appellant's due process claim would not carry the potential for a damages award. *See* 5 C.F.R. §§ 1201.201(c)-(d), .202(b)-(c) (listing the situations in which and authorities under which the Board may award consequential and compensatory damages).

Nevertheless, we agree with the appellant that the appeal is not moot because the Board may still grant effective relief by ordering all references to the removal, including the SF-50, the notice of proposed removal, and the two decision letters, expunged from his personnel file. PFR File, Tab 1 at 3-5; *see Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 13 (2012); *Newcastle v. Department of the Treasury*, 94 M.S.P.R. 242, ¶ 11 (2003); *Gonzales v. U.S. Postal Service*, 44 M.S.P.R. 517, 519 (1990) (providing that when an agency is ordered to cancel an action, all references to such action must be removed from the appellant's personnel record). Because there is no indication that the agency has thus amended the appellant's personnel record, we find that the Board can grant further effectual relief and the appeal is not moot. *See Veal v. Department of the Army*, 52 M.S.P.R. 66, 68 (1991) (finding that the appeal was not moot because the agency had not removed all references to the challenged action from the appellant's personnel record); *cf. Cooper v. Department of the Navy*, 108 F.3d 324, 326 (Fed. Cir. 1997) (holding that cancellation of the removal and expungement of all references to the removal from the appellant's personnel file rendered the Board appeal moot).

We acknowledge that, even if the removal action at issue in this appeal were completely rescinded, the appellant would have been removed anyway based on his discharge from military service, and that the Board would lack jurisdiction over such a removal. *See Dyer*, 971 F.3d at 1384. Nevertheless, we agree with the appellant that the difference between a removal for misconduct and a removal pursuant to a discharge Under Honorable Conditions is tangible relief, particularly when it comes to his future employment prospects. PFR File, Tab 1 at 4. In the analogous context of so-called "clean record" settlement agreements, the Board has held that the expungement of documents referencing the action under appeal is a material term of such agreements. *See Mullins v. Department of the Air Force*, 79 M.S.P.R. 206, ¶¶ 10-11 (1998) (determining that a provision of a settlement agreement, which would mean that anyone looking at the appellant's personnel file would be unaware of the agency's removal action against him, was clearly of great importance to his future). Like appellants in such cases, we find that the appellant in this case has a legally cognizable interest in the replacement of personnel documents reflecting removal for misconduct with ones reflecting removal due to honorable military discharge.

**ORDER**

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.