NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID C. ROBACKER,**

*Petitioner,*

**v.**

**DEPARTMENT OF AGRICULTURE,**

*Respondent.*

---

2009-3289

---

Petition for review of the Merit Systems Protection Board in case no. DA-0752-08-0549-I-1.

---

Decided:   July 9, 2010

---

GEORGE P. POWELL, Law Office of George P. Powell, P.C., of McAllen, Texas, for petitioner.

ELIZABETH M. HOSFORD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant

Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before PROST, MAYER, and SCHALL, *Circuit Judges*.

PER CURIAM.

David C. Robacker seeks review of the final order of the Merit Systems Protection Board denying his appeal of the action by the Department of Agriculture (the "agency") to remove him from his position. *See Robacker v. Dep't of Agriculture*, No. DA-0752-08-0549-I-1 (M.S.P.B. July 24, 2009). We *affirm*.

Robacker worked as a research entomologist for the agency for over 25 years. During that time, he had romantic relationships with three subordinates. When one of the women with whom he had been romantically involved began to threaten that she would report him for sexual harassment, he contacted the agency's Office of Outreach Diversity and Equal Opportunity. The counselor with whom he spoke said she did not believe she could give him advice and directed him to her supervisor. Robacker spoke with the counselor's supervisor and explained his relationships with the three women, including an arrangement he had made with one of the women under which he would assign her the same performance rating that he received for the year. This conversation triggered an administrative inquiry, which eventually resulted in Robacker retiring to avoid removal for conduct unbecoming a federal employee. He then appealed the removal action to the board, which affirmed the agency's decision to remove him.[*]

---

[*] The board had jurisdiction over Robacker's appeal, despite his retirement, pursuant to 5 U.S.C. § 7701(j). *See Cooper v. Dep't of the Navy*, 108 F.3d 324,

We must affirm a decision of the board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Robacker's central argument is that consensual romantic relationships between employees are not contrary to any official regulation or policy and therefore the agency had no foundation for his removal. However, the removal action was based on the charge of conduct unbecoming a federal employee and the agency acted within its discretion in determining that Robacker's actions were unprofessional, prevented him from adequately fulfilling his supervisory role in the workplace, and caused his superiors to lose confidence in his judgment. Furthermore, the record supports the agency's view that Robacker's actions negatively impacted the efficiency of the agency by affecting the interactions between Robacker and two of the women with whom he had been romantically involved. Both the agency and the board considered the mitigating factors provided in *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280 (1981), such as the length of Robacker's service. While Robacker argues that the penalty of removal is too harsh in light of these factors, the determination that the mitigating factors do not outweigh the seriousness of the agency's concerns about Robacker's actions is not unreasonable.

We have considered Robacker's remaining arguments and do not find them persuasive. Because the board's

---

326 (Fed. Cir. 1997) ("[S]ection 7701(j) was intended to ensure that an employee who was eligible for retirement at the time of his removal could take a retirement annuity without forfeiting his right to challenge his removal.").

decision is supported by substantial evidence and because Robacker has failed to show that the decision is arbitrary, capricious, or contrary to law or regulation, the decision is affirmed.