NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**EDWIN A. CRUZ,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2024-1820

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-22-0136-I-1.

---

Decided: December 11, 2025

---

LORENZO J. PALOMARES, Palomares Starbuck & Associates, Miami, FL, argued for petitioner.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

At the time relevant to this appeal, Edwin Cruz served as the Area Port Director (Director) for Customs and Border Protection (CBP), a division of the Department of Homeland Security (agency), in San Juan, Puerto Rico. Based on charges related to an extra-marital affair he had with a subordinate officer, the agency removed Mr. Cruz from his federal employment. The Merit Systems Protection Board sustained the removal. *See Cruz v. Department of Homeland Security*, No. NY-0752-22-0136-I-1, 2024 WL 2746280 (M.S.P.B. Apr. 15, 2024) (*Board Decision*). On Mr. Cruz's appeal, we affirm the Board's decision.

I

Mr. Cruz became Director in May 2016. *Board Decision*, at 2.[1] As Director, Mr. Cruz was the highest-ranking CBP employee in the region, and he had more than 400 employees under his direct or indirect supervision. *Board Decision*, at 2; Appx. 285. In May 2018, Mr. Cruz began a consensual affair with a woman who was one of those employees—a subordinate CBP officer, though not one of his direct reports. Appx. 79. The affair lasted roughly two years. Appx. 79–82. Both Mr. Cruz and the officer were married, and the subordinate officer's spouse also served as a subordinate CBP officer in the same office. *Board Decision*, at 2; Appx. 75–79.

In February 2021, both the subordinate officer and her spouse reported the affair to CBP. Appx. 85, 93–95. Following an investigation, *see* Appx. 73–101, the agency proposed Mr. Cruz's removal based on three charges: (1) conduct unbecoming a supervisory CBP officer, for his relationship with a subordinate officer within his chain of

---

[1] For the *Board Decision*, we cite the page numbers on the opinion in the Appendix, which match the Appendix numbers. *See* Appx. 1–8.

command; (2) misuse of government property, for engaging in sexual activity while on government property; and (3) use of government property for reasons other than official purposes, for his use of a government-issued telephone for personal communications. Appx. 102–05.

The agency's deciding official determined that Mr. Cruz's conduct seriously undermined management's confidence in Mr. Cruz's ability to demonstrate good judgment, fulfill his duties, and "act in accordance with ethical and professional standards of CBP." Appx. 273–74. The official further concluded that Mr. Cruz's affair "potentially impacted local operations and affected employee morale" because it was publicly known and created distractions for other CBP employees. *Id.*

On July 7, 2022, the agency removed Mr. Cruz from the Director position (*i.e.*, from his federal employment). Appx. 273–76. Mr. Cruz appealed the agency's removal decision to the Board. *Board Decision*, at 1. After holding a hearing on September 26, 2022, the Board's assigned administrative judge issued a decision on April 15, 2024, that sustained the agency's three charges against Mr. Cruz and the penalty of removal. *Id.* at 2, 4–5, 8. The administrative judge's opinion became the Board's final decision on May 20, 2024. *Id.* at 8. Mr. Cruz timely filed the present appeal, invoking our jurisdiction under 28 U.S.C. § 1295(a)(9).

II

We review the Board's factual findings for substantial-evidence support. *Knox v. Department of Justice*, 125 F.4th 1059, 1064 (Fed. Cir. 2025). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229 (1938), even if an opposite conclusion might also be supportable, *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 619–20 (1966). We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

It is undisputed that Mr. Cruz engaged in the conduct underlying the three charges. On appeal, Mr. Cruz contests the reasonableness, given the conduct, of the Board's sustaining of the charges, of their connection to the efficiency of the agency's service, and of the penalty of removal for his actions. He focuses on the agency's condemnation of the supervisor-subordinate relationship as an allegedly deficient ground for the removal, as the agency's determination of impropriety in that relationship is what drove the three specific charges. He makes no substantial independent argument for setting aside the Board's decision. We therefore limit our discussion to the agency's assessment of the relationship.

We conclude that the Board's decision upholding of Mr. Cruz's removal for engaging in a sexual relationship with a subordinate officer was not unreasonable given the evidence. The record supports the agency's determination that Mr. Cruz's actions undermined the agency's confidence in his ability to fulfill his responsibilities as Director in accordance with CBP's ethical and professional standards. And the Board reasonably approved the remedy of removal, based on the evidence of record and the deciding official's full consideration of the factors outlined by *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), including the mitigating factors of Mr. Cruz's otherwise satisfactory performance and his expressed remorse for his conduct. Appx. 273–74. Mr. Cruz has not shown reversible error.

In sustaining Mr. Cruz's conduct-unbecoming charge, the Board was persuaded by the rationale of *Dolezal v. Department of the Army*, 58 M.S.P.R. 64 (1993), *aff'd*, 22 F.3d 1104 (Fed. Cir. 1994); *Board Decision*, at 4. The appellant

in *Dolezal* was a supervisory officer who had been removed following several charges, including a charge of conduct unbecoming an officer based on having a sexual relationship with a second-line subordinate officer in his chain of command. 58 M.S.P.R. at 64, 66–67. The Board determined that the penalty was reasonable in part because the appellant was held to a high standard of conduct by virtue of his supervisory role. *Id.* at 71–72. The Board reasonably relied, in similar circumstances in the present matter, on *Dolezal*'s decades-old approval of an agency's treatment of a supervisor-subordinary sexual relationship as serious misconduct warranting removal.

Mr. Cruz argues that his removal unfairly punished him for his private conduct. *See* Petitioner's Br. at 19–21 (relying on *Doe v. Department of Justice*, 565 F.3d 1375, 1380 (Fed. Cir. 2009), for the proposition that "misconduct that is private in nature and that does not implicate job performance in any direct and obvious way is often insufficient to justify removal from a civil service position."). But Mr. Cruz's conduct was not purely private. His undisclosed and prolonged sexual relationship with a subordinate officer (married to another subordinate officer) caused CBP legitimate concern regarding its employees' job performance and Mr. Cruz's judgment in his role as Director. Appx. 273–74. *Doe* does not preclude that agency determination.

Mr. Cruz argues that he should not be removed for conduct not expressly forbidden by CBP policies. *See* Petitioner's Br. at 13–14, 21–23. But on several occasions we have approved an agency's reliance on "common sense" standards for assessing workplace-related conduct. *See, e.g., Brown v. Department of the Navy*, 229 F.3d 1356, 1363 (Fed. Cir. 2000) (determining that the appellant did not require an "express warning . . . regarding the consequences of an adulterous affair" because "his common sense should have forewarned him"); *Robacker v. Department of Agriculture*, 385 F. App'x 990, 992 (Fed. Cir. 2010) (affirming the

removal of an employee who engaged in consensual romantic relationships with subordinates, although no official policy prohibited such relationships, because his actions "were unprofessional[ and] prevented him from adequately fulfilling his supervisory role in the workplace."); *see also Farrell v. Department of Interior*, 314 F.3d 584, 593 (Fed. Cir. 2002) ("Due process does not require that an agency post the specific penalties to which an employee could be subject for any particular violation."). The agency here could reasonably deem it to be a matter of common sense, reflected in *Dolezal*, that a high-ranking supervisor engaging in an extended clandestine sexual relationship with a subordinate officer would be subject to discipline, with removal a possibility.

We recognize that, after Mr. Cruz's removal, CBP announced a new policy regarding fraternization between supervisors and subordinates—a policy that does not expressly prohibit sexual or romantic relationships between supervisors and subordinates, but does impose certain reporting and other requirements when a supervisor has such a relationship with an employee under the supervisor's direct supervision. Appx. 277–81. The new policy, which did not apply to Mr. Cruz, does not change the conclusion here. We neither make our own judgment about the proper response to supervisor-subordinate relationships nor foreclose the agency from changing its responses over time. Even if the new policy reflects a different agency approach to the conduct at issue here, that change does not undermine the reasonableness of the agency's assessment of the governing standards at the time of Mr. Cruz's removal and the reasonableness of the penalty imposed by the agency.

In his remaining arguments, Mr. Cruz appears to ask us to reweigh the evidence and make our own factual findings. This is not our task under the governing deferential standard of review. *See Jones v. Department of Health & Human Services*, 834 F.3d 1361, 1369 (Fed. Cir. 2016). We

agree with the Board that Mr. Cruz's removal "is within the limits of reasonableness." *Board Decision*, at 8.

### III

Because the Board's decision is supported by substantial evidence and because Mr. Cruz has failed to show that the decision is arbitrary, capricious, or contrary to any law or regulation, we affirm.

The parties shall bear their own costs.

**AFFIRMED**